FRANCIS WEST AND OTHERS, APPELLANTS, *vs.* WALTER BRASHEAR, APPELLEE.

The mandate of the Supreme Court to the Circuit Court must be its guide in executing the judgment or decree on which it issued. The mandate is the judgment of the Supreme Court, transmitted to the Circuit Court; and where the direction contained in it is precise and unambiguous, it is the duty of the Circuit Court to carry it into execution, and not to look elsewhere for authority to change its meaning. But when the Circuit Court are referred to testimony to ascertain the amount to be decreed, and are authorized to take more evidence on the point, it may sometimes happen, that there will be some uncertainty and ambiguity in the mandate; and in such a case, the Court below have unquestionably the right to resort to the opinion of the Supreme Court, delivered at the time of the decree, in order to assist them in expounding it.

ON appeal from the Circuit Court of the United States for the District of Kentucky.

This case was before the Court on appeals from both the parties, and the proceedings and decision on the case are reported in 7 Peters, 608.

The proceedings in the Circuit Court of Kentucky, subsequent to the mandate issued from the Supreme Court, were the only matters in controversy on this appeal.

The mandate of the Supreme Court was as follows: " Whereas, lately in the Circuit Court of the United States for the District of Kentucky, before you or some of you, in a cause between Walter Brashear, complainant, and Francis West, and John Lapsley, and Samuel Mifflin, and Henry Nixon, trustees of said West, and Thomas M. Willing and Henry Nixon, executors of John Nixon, deceased, defendants in Chancery, the decree of the said Circuit Court was in the following words, to wit: ' It is the opinion of the Court, that the complainant is in equity entitled to a credit or set-off against the judgments at law obtained against him in the name of West, for the sum of four thousand and eleven dollars and sixty-eight cents, being the amount of the judgment obtained against the complainant, as special bail for West, by George Anderson; but the complainant is not entitled to any of the other credits or set-offs claimed in his bill, and amended bill. It is therefore decreed and ordered, that the said four thousand and eleven dollars and sixty-eight cents, or so much thereof as will extinguish the same, shall be, and is hereby, credited and set off as payment on the 22d of October, 1810, against the judgment at law, not against or not covered by the injunction bond; and that the residue of the said four thousand and eleven dollars and sixty-eight cents, if any, and the costs of the complainant in this suit, shall be, and is hereby, credited and set off against so much of the other judgment at law; the costs to be credited as of this day: and the clerk is hereby directed to tax the costs of this suit, and make the necessary calculations, and enter said credits accordingly; and

it is further decreed and ordered, that as to the residue of the said judgments or judgment, as the case may be, after entering and giving the credits as aforesaid, the complainant's injunction shall be, and the same is hereby dissolved, with ten per centum damages upon the amount of such residue at the time the injunction was granted, and that the complainants may proceed to recover by execution at law the said residue and also the damages aforesaid, as by the inspection of the transcript of the record of the said Circuit Court, which was brought into the Supreme Court of the United States by virtue of an appeal, agreeably to an act of Congress in such cases made and provided, fully and at large appears.'

"And whereas, at the present term of January, in the year of our Lord one thousand eight hundred and thirty-three, the said cause came on to be heard before the said Supreme Court on the said transcript of the record, and was argued by counsel, on consideration whereof this Court was of opinion that there is error in the decree of the said Circuit Court in allowing to the said Walter Brashear credit for the money paid by him as special bail for Francis West, at the suit of George Anderson, and also in refusing to allow the said Walter Brashear credit for the value of the ginseng shipped and sold by the said James Latimer, with the assent of the said assignees of Francis West, after the same had been attached in his hands by the said assignees: It is therefore decreed and ordered that the decree pronounced in this cause by the Court of the United States, for the seventh circuit, in the District of Kentucky, be reversed and annulled, and that the cause be remanded to that Court, with instructions to perpetuate the injunction as to the sum which shall be equal to the amount of the ginseng shipped and sold by the said James Latimer, after the attachment sued out by Francis West for the use of Samuel Mifflin, John Lapsley, and Henry Nixon, assignees for the benefit of his creditors, was levied, to dismiss the bill as to the residue; and it is further ordered that the parties pay their own costs in this Court.

"You, therefore, are hereby commanded, that such further proceedings be had in said cause, in conformity with the opinion and decree of this Court, as, according to right and justice, and the laws of the United States, ought to be had, the said appeal notwithstanding."

The cause being before the Circuit Court on the mandate, in November, 1833, it was referred to a commissioner to state the accounts between the parties in conformity thereto; and general leave was also given to take the deposition of James Latimer.

Under this order of the Court, the commissioner made a report, and stated that he gave credit to Brashear, under date of May 11, 1809, for two thousand eight hundred and seventy-three dollars and fifty cents, the amount of ginseng shipped by Latimer and Redwood. On exceptions filed to this report, it was set aside by the Court, on account of a sufficient sum not having been allowed for the ginseng shipped by Latimer, after a foreign attachment, sued out by West,

had been levied on the ginseng in the hands of Latimer. The commissioner, to whom it was recommitted, was instructed to examine and ascertain all the ginseng shipped and sold by Latimer, after the attachment, and all the charges on the same. The commissioner reported the value of the ginseng was five thousand five hundred and ninety-nine dollars and fifty cents, and the charges amounting to three hundred and sixty-one dollars and sixty cents.

Exceptions were filed to this report, which were overruled; and the Circuit Court gave a decree in favour of Walter Brashear in conformity with the same. The complainants prosecuted this appeal.

The case was argued by Mr. Coxe, for the appellants; and by Mr. Crittenden, for the appellees.

For the appellants, Mr. Coxe contended that the mandate of this Court did not authorize the allowance of the whole amount of the ginseng belonging to Brashear, which had been shipped to Canton by Mr. Latimer; but only that part of it shipped after the attachment laid by the appellants. The whole value of it is allowed in the decree of the Circuit Court.

Mr. Crittenden claimed that by a true interpretation of the mandate, the sum allowed in the decree was the amount reported by the commissioner.

The counsel for both parties supported their allegations by a reference to the report of the case in 7 Peters, and to the proceedings of the Circuit Court under the mandate; which are referred to in the opinion of the Court.

Mr. Chief Justice TANEY delivered the opinion of the Court.

This case was formerly before the Court, and was then fully considered and decided, and is reported in 7 Peters, 608. Upon that occasion the decree of the Circuit Court was reversed; and a mandate was issued from this Court, directing the Circuit Court to disallow certain credits which had been given to Walter Brashear, the present appellee, and to allow him a credit equal to the amount of certain ginseng, shipped and sold by James Latimer, after attachments had been laid in his hands, by Francis West the present appellant, and others.

Brashear resided in Kentucky, and Latimer was his consignee and agent in Philadelphia, and had received from him, on consignment, a large quantity of ginseng; and had also made advances for him to a considerable amount, but not equal to the value of the consignment. Francis West was a creditor of Brashear's, and, together with other creditors, laid attachments on his property and credits, in the hands of Latimer; and these were a part of the matters in controversy in the former suit. The mandate of this Court will be found in page 624 of the report above mentioned,

E 2

[West et al. *vs.* Brashear.]

and the controversy in this case turns upon the construction of that mandate.

There is no contest here in relation to the items which this Court directed to be disallowed. But a dispute arose in the Circuit Court as to the amount of the sum directed to be credited to Brashear, and some further testimony was taken on that point, in the proceedings under the mandate. It finally appeared, that the value of the ginseng shipped and sold by Latimer, after the attachments were laid in his hands, amounted to five thousand five hundred and ninety-nine dollars and ninety cents; and for this sum Brashear was credited by the decree of the Circuit Court.

The appellants object to this decree, and insist, that although a strict construction of the mandate might justify the credit, yet the mandate must be taken in connection with the opinion pronounced at the same time; and when thus expounded, it will not, as they contend, warrant the decree.

The point of the appellant's objection consists in this: that although the ginseng shipped and sold by Latimer, after the attachments were laid in his hands, amounted to the sum decreed by the Court below, yet that a part of it had before been taken by Latimer at a stipulated price, agreed on between him and Brashear; and that the value of the quantity actually owned by Brashear, and shipped and sold as aforesaid, amounted only to the sum of two thousand seven hundred and fifty-three dollars and eighty cents; and that the residue so shipped and sold was owned by Latimer as above mentioned. And the appellants contend, that it is apparent from the opinion pronounced by this Court, when the case was formerly before them, that the imputed negligence and misconduct which in the judgment of the Court made them liable to Brashear, was confined to the ginseng seized by the attachment, and did not extend to the money due from Latimer for the quantity taken by him as above mentioned, although that money was also subsequently lost by Latimer's insolvency; and they contend, that the credit allowed under the mandate ought to have been two thousand seven hundred and fifty-three dollars and thirty cents, and that the Court erred in allowing more.

There has been some discussion at the bar as to the principles by which a Circuit Court of the United States is to be governed when executing a mandate from the Supreme Court. Undoubtedly the mandate must be its guide. It is the judgment of this Court transmitted to the Circuit Court. And when the direction contained in the mandate is precise and unambiguous, it is the duty of the Circuit Court to carry it into execution, and not to look elsewhere for authority to change its meaning. But when, as in this case, the Circuit Court are referred to testimony to ascertain the amount to be decreed, and are authorized to take new evidence on the point, it may sometimes happen that there will be some uncertainty and ambiguity in the mandate; and in such a case, the Court below have unquestionably the right to resort to the opinion delivered at the

time, in order to assist them in expounding it. And if, in this case it had appeared from the opinion delivered, that in speaking of the ginseng shipped and sold by Latimer, the Court intended to confine the credit to the value of that portion of it owned by Brashear at the time of the shipment, and to exclude that alleged to have been taken by Latimer, it would have been the duty of the Circuit Court to execute the mandate in conformity with this intention.

But there is no discrepancy between the mandate, and the opinion pronounced at the time. It is evident that the Court were under the impression that all of the ginseng taken by Latimer to pay his own debt, had been shipped before the attachments were laid. This appears from a paragraph in the opinion of the Court, in page 610 of the reported case. In stating the facts of the case, as in the judgment of the Court they were proved by the testimony, the Chief Justice who delivered the opinion, says: "Early in the year 1809, he (Latimer) took a large part of the ginseng to himself, as purchaser at six months' credit, which he shipped on his own account to China in March of that year. In the following May he shipped the residue on account of himself and William Redwood." This latter shipment was made after the attachments were levied, and the Court were manifestly of the opinion that the value of the whole parcel thus shipped was liable in Latimer's hands to the attaching creditors. And believing from the testimony, that it was lost by the negligence and misconduct of these creditors, and the subsequent insolvency of Latimer, they directed Brashear to be credited with the whole amount thus shipped. The intention of the Court, therefore, as gathered from the opinion, is in unison with the direction contained in the mandate; and, in our judgment, the Circuit Court have rightly expounded it. The decree of the Court below is affirmed.

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the District of Kentucky, and was argued by counsel. On consideration whereof, it is now here ordered and decreed by this Court, that the decree of the said Circuit Court, in this cause be, and the same is hereby, affirmed, with costs.