THE GERMANIA FIRE INSURANCE COMPANY vs. JOHN R. FRANCIS.

1. DISCONTINUANCE : *Removal of case to federal court.*
   The plaintiff procured an order for the removal of his case, under the act of Congress, from the state circuit court to the federal court, where it remained for three years and a half, when, under a decision in the case by the Supreme Court of the United States, it was remanded to the state court again. *Held,* this did not operate a discontinuance of the suit in the state circuit court, and plaintiff might proceed with his case as if there had never been a removal.

2. SAME : *Void order of removal.*
   An order for removal in a case not embraced by act of Congress is void and has no effect in legal contemplation, and, although its practical effect may be an interruption of the prosecution of the case in the state court, the cause is to be

considered as having been all the time pending in the state court, and when the United States court declines to take jurisdiction the state court should proceed to try the case as if no interruption had occurred.

3. DISCONTINUANCE AT COMMON LAW: *Under our statutes.*

Discontinuance at common law was a failure to continue the case regularly from day to day or term to term, between the commencement of the suit and final judgment, and if there was any lapse or want of continuance the parties were out of court and the plaintiff had to begin anew. Under our statutes, which dispense with the entry of formal continuance, it is not perceived that in this state there can be a technical discontinuance.

4. DISCONTINUANCE ON SUGGESTION OF DEATH OF PLAINTIFF AND FAILURE TO REVIVE: *Meaning of the term.*

Section 679, Code, 1871, which declares the action shall be *discontinued* if the representatives of a deceased plaintiff shall not appear and become a party by the second term after the death of the plaintiff shall have been suggested, means a nonsuit or dismissal for want of prosecution.

5. SUPREME COURT: *Immaterial error. Pleading. Demurrer to unnecessary plea.*

Although the demurrer of plaintiff to some of defendant's pleas be erroneously sustained, yet if defendant, under the issue joined on the remaining pleas, has got the benefit of every possible inquiry it desired to make, the error in sustaining the demurrer is one of which defendant cannot complain.

6. INSURANCE: *Meaning of the words " dry goods" and "groceries" in policy. Experts.*

The testimony of experts, to prove the meaning of the terms "dry goods" and "groceries," in a policy of insurance, is inadmissible evidence for the insurance company in an action against the company on the policy, where the witnesses speak of the meaning of these terms, not at the place where the property insured was located and the policy effected, but their meaning at some other place.

7. INSTRUCTIONS. *Immaterial error in refusal.*

Where the instructions given for the defendant secured to said party the full benefit of every principle of law which could be invoked to aid the defense, the refusal to give any further charges for the defendant is not an error of which said party can complain.

8. SUPREME COURT: *Practice where verdict is right and errors immaterial.*

Where the case has been fairly tried on the issues between the parties, and justice has been done, this court will not disturb the judgment on account of errors which have not affected the result.

ERROR to the Circuit Court of *Lee* County.

Hon. B. B. BOONE, Judge.

The facts appear in the opinion of the court.

*Samuel B. Paul*, for plaintiff in error:

1. The defendant in error had no cause in the circuit court

of Monroe county to be redocketed, after the order of removal and the expiration of the term of that court in which it had become a judicial order; and, in fact, the circuit court of· Monroe county had no more authority to restore that cause than it had to transfer to its own docket a cause commenced originally in the federal court, at Oxford, between the same· parties, the judgment of which had been set aside by the Supreme Court of the United States for want of jurisdiction, in order to give the plaintiff the standing in the state court of· the original writ in the United States court.    Co. Litt., 260 ; Botrim et al. *v.* Com'rs of Piscaway, 1 Ohio, 375 ; Powell on App. Jur., § 39, p. 62, *et seq.;* ib., § 23, p. 130 ; 2 Tidd's Pr., 1136 ; Hawkins *v.* Bowie, 6 Gill & J., 428 ; Powell on App. Jur., 86, § 17, *et seq.;* Gordon *v.* Longest, 16 Pet. ; *Ex· parte* Bushnell, 8 Ohio, 599 ; Shelby *v.* Hoffman, 5 Ohio, 450 ; The State *ex rel.* Coons *v.* The Judge of the 13th Judicial· District, 23 La. An. (8 Am. R.), 29 ; Home Life Ins. Co. *v.* Dunn, 20 Ohio, 175 ; Ackerly *v.* Vilas, 21 Wis., 165 (1 Am. R., 166) ; Morton *v.* The Mut. Life, 7 Am. R. ; Bryant *v.*. Rich, 106 Mass., 180 (8 Am. R., 311) ; Kenouse *v.* Martin,. 14 How., 23 ; 7 Cranch, 1 ; 3 Wheat., 391 ; 1 Hen. & M., 25 ; 2 ib., 467 ; 1 Ohio, 375.

2. The fact that the defendant appeared and went to trial does not alter the case.    In the case of Gordon *v.* Longest, 16 Pet., *supra,* after defendant's motion on the merits was· refused, he went to trial twice on the merits.    Yet his right to set aside for want of jurisdiction was sustained by the· Supreme Court.    See, also, Torbet *v.* Coffins, 6 Ohio, 33. }{   ·

3. But conceding there was an action in existence after the· case was redocketed, there can be no question that the action was a new one, having its origin long after the period when the right of action was lost to Francis by the stipulation of the contract he attempted to enforce.    Riddlebarger *v.* The· Hartford Fire Ins. Co., 7 Wall.

*James T. Harrison,* on the same side :

1. The removal of the case to the federal court, at the·

instance of the plaintiff, leaving a gap of three and a half years in the proceedings in the state court, operated a *discontinuance*, and the order of the federal court, remanding the case to the state court, was *coram non judice* and void.   Insurance Co. *v.* Francis, 11 Wall., 210 ; Mayor *v.* Cooper, 6 ib., 247, 250 ; 3 Am. R., 103 ; Whiton *v.* Chicago & Northwestern R. R. Co., 25 Wis., 424 ; Rogers *v.* Rogers, 1 Paige, 185 ; Sedg. on Stat. and Const. Law, 119, 110, 111, and cases cited ; 2 Comst., 467, 468 ; Cooley's Const. Lim., 181, 182 ; Kennon *v.* Bell, Minor (Ala.), 98 ; Drinkard *v.* State, 20 Ala., 13 ; Givens *v.* Robbins, 9 ib., 676 ; Griffin *v.* Osbourne, 20 ib., 594 ; Forrester *v.* Forrester, 39 ib., 323 ; *Ex parte* Remson, 31 ib., 270 ; Harrell *v.* State, 26 ib., 52 ; Brown *v.* Clements, 24 ib., 354 ; 4 ib., 357 ; *Ex parte* Rivers, 40 ib., 712 ; McGuire *v.* Hay, 6 Humph., 419 ; Jewell *v.* McKee, 10 Yer., 440 ; Pierce & Pittman *v.* Bank of Tennessee, 1 Swan, 267 ; 13 Wend., 293 ; 28 Miss., 744 ; 18 Johns., 22 ; 1 Toml. Law Dic., 559, 560 ; 1 Bouv. Law Dic., 481 ; 45 Ala., 445 ; 43 ib., 225 ; 2 Hawkins' P. C., 416, §§ 84, 85, 86, *et seq.;* 1 Chitty's Cr. Law, 364 ; 3 Bl. Com., 296 ; Rev. Code of Miss., 1857, p. 486, art. 51 ; ib., p. 542, art. 16 ; Whitaker *v.* Van Horn, 43 Ala., 258 ; 2 Story on Const., 1759 ; 44 Miss., 434 ; 5 How., 173 ; 13 S. & M., 153 ; 3 ib., 304 ; 2 Johns., 192 ; 4 ib., 117 ; 8 ib., 391 ; 13 ib., 469 ; 9 ib., 140 ; 8 Petersd. Ab., 387, 393 ; Graham's Pr., 603 ; Riggs *v.* Chester, 2 Cranch C. Ct., 637 ; Hope *v.* Archer, 7 Abbott's Pr. Rep., 308 ; Orphan Asylum Society *v.* McCartee, Hopk., 372.   The plaintiff is estopped by his conduct.   To get out of court was easy enough, but to return, after the failure of the experiment, "there's the rub."   As to conclusive admissions and estoppels *in pais.* 1 Greenl. on Ev., §§ 207, 208 ; Herman's Law of Estop., §§ 320, 323, 328, 336, 337, 338, *et seq.;* 2 Story's Eq. (10th ed.), 1, §§ 1533, 1545, 1547 ; 28 Miss., 414 ; 25 ib., 521 ; 27 ib., 852 ; 19 Ala., 430 ; 21 ib., 534 ; 22 ib., 541 ; Phillips on Ev., 453, 466, and notes.

2.   The testimony of the experts, to prove what were "dry

goods " and " groceries," was admissible. 1 Greenl. on Ev., §§ 286, 440, 576, 580; May on Ins., 580–582; 2 Starkie on Ev., 565, 566; 4 Hill (N.Y.), 123; Brown v. Brown, 8 Metc., 576; 2 Ohio St., 452.

3. The court erred in the construction of the contract, and in giving and refusing charges. The stipulations forming the basis of the contract of insurance, and on the faith of which it was issued, constitute warranties, to the absolute truth of which the applicant has pledged himself, and any false statement avoids the policy. Bliss on Ins., §§ 34, 37, 38, 43; 98 Mass., 381; 1 Cliff., 300; 31 Conn., 19; Angell on Ins., § 140; 1 Arnold on Ins., 577; 6 Wend., 488; 1 Phillips on Ins., 418, et seq., § 762; Hughes on Ins., 233, 261; May on Ins., 160, § 156, and cases cited; 12 Cush., 416; 30 N. Y., 136; 2 Curt., 612; 3 Woodb. & M., 529; 14 Barb., 383; 6 Term, 710; 2 Comst. (N. Y.), 21; 31 Me., 219; 66 N. C., 70; 62 Barb., 636; 60 ib., 84; 31 Iowa, 216; 3 Allen, 213; 2 N. H., 551; 2 Ohio St., 452; 17 Mo., 274; 8 Metc., 114; 9 ib., 215; 13 ib., 92; 16 ib., 481; 5 Denio, 326. The general rule of law is that a valuation is material to the risk, and a misrepresentation as to value avoids the risk. 6 Humph., 176; 2 Greenl. on Ev., 406; Dig. Fire Ins. Dec. (2d ed.), 280, § 3; 20 Eng. C. L. R., 160; 10 Cush., 446; Hoffman v. Western M. & F. Ins. Co., 1 La. An., 216; Hersey v. Merrimack Fire Ins. Co., 7 Foster (N. H.), 154, 156.

4. The action was barred. 7 Wall., 386, 391; Ang. on Lim., 328; 1 Sergt. & R., 236; Barino v. McGee, 3 McCord.

*Houston & Reynolds*, on same side:

1. The circuit court erred in overruling the motion to strike the cause from the docket. 11 Wall., 210.

(1) The action was discontinued in the circuit court of Monroe county, because from November, 1867, to July, 1871, it was not continued in said court from term to term, either by the entry of proper continuances or by operation of law. Kennon v. Bell, Minor, 93; Drinkard v. State, 20 Ala., 13;

Hunt *v.* Griffin, 49 Miss., 748; 1 Tidd's Pr., 678, 680; 3 Bl. Com., 296; Ralph *v.* Prester, 28 Miss., 750; Code, 1857, p. 483, art. 35; Stevens *v.* Phœnix Ins. Co., 41 N. Y. (2 How.), 154; *Ex parte* Rives, 40 Ala., 714; 2 Story on Const., §§ 1755, 1756; 9 Wall., 409; 19 ib., 572.

(2) The cause was discontinued by the voluntary act of Francis in removing the same to the federal court. *Ex parte* Hall, 47 Ala., 685; Forrester *v.* Forrester, 39 ib., 320; *Ex parte* Remson, 31 ib., 270; Griffin *v.* Osbourne, 20 ib., 594; McGuire *v.* Hay, 6 Humph., 420; 13 Wis., 634; Noonan *v.* Pomeroy, 14 ib., 568; Ashlock *v.* Com., 7 B. Mon., 45; Green *v.* Patcher, 13 Wend., 294; Price *v.* Bank of Tennessee, 1 Swan, 265; McKee *v.* Torry, 28 Miss., 80; Hunt *v.* Griffin, 49 ib.; 7 Cold., 1.

(3) The action was discontinued in the circuit court of Monroe county by the act of Francis, in transferring the case to the federal court, even though the cause was not transferable. Jewell *v.* Blankenship, 10 Yer., 439; Saffle *v.* Cox, 9 Humph., 142; Green *v.* Patcher, 13 Wend., 294; Graham's Pr., 493; 7 Cold., 1; Hunt *v.* Griffin, 49 Miss., 742.

(4) As to the effect of the order of the circuit court transferring the cause to the federal court. 23 La. An., 29; 20 Ohio St., 175; 21 Wis., 165; 106 Mass., 180; Paine *v.* Moreland, 15 Ohio, 435; Brick *v.* Abbott, 6 Vt., 586; Insurance Company *v.* Francis, 11 Wall., 210; 2 Story on Const., 1755, 1756; Mayor *v.* Lord, 9 Wall., 409; Stevenson *v.* Williams, 19 ib., 572.

(5) As] to the effect of the order of the federal court remanding the cause to the circuit court of Monroe county, to be there "proceeded with in conformity to law and practice." Mayor *v.* Cooper, 6 Wall., 250.

2. The circuit court erred in sustaining the demurrer to the pleas. 7 Taun., 338; 10 Pick., 535; 17 Wend., 359; 20 Me., 123; 25 Conn., 51; 28 Barb., 412; 29 Me., 97; 14 Mo., 220.

3. The court erred in giving and refusing instructions.

7 Gray, 61 ; 17 Vt., 369 ; 6 Ohio St., 599 ; 31 Penn. St., 448 ; 5 R. I., 394 ; 24 Ga., 97.

4. It was error to overrule the motion for a new trial.

*R. N. Bishop*, for defendant in error :

1. The main point which seems to be relied upon by plaintiff in error is that in this case a discontinuance has been effected by the action of defendant in error in transferring the case from the state to the federal court.

(1) Even if this were true, it is cured by the statute of jeofails.   Code, 1871, § 622 ; 20 Ala., 111.

(2) There has been no discontinuance.   11 Wall., 210 ; Conkling's Treat., 156 (4th ed.) ;  Pollard *v.* Dwight, 4 Cranch, 429 ; Gordon *v.* Surgest, 16 Pet., 97 ; Akerly *v.* Vilas, 24 Wis., 165 ; Kunouse *v.* Martin, 15 How., 198 ; Leowther *v.* Hunt, S. Dist. of Ill., Jan. term, 1874.

2. The testimony as to the meaning of " dry goods " and " groceries " was inadmissible, because it was not evidence of the general and ordinary acceptance of those terms at the time and place when and where the insurance was effected. Insurance Co. *v.* Wright, 1 Wall., 456 ; Natchez Ins. Co. *v.* Staunton, Buckner & Co., 3 S. & M., 359 ; Snyder *v.* The Farmers' Ins. and Loan Co., 13 Wend., 92.

3. If the defendant makes his defense and gives evidence, it is no error, although a good plea to that effect may have been demurred out.   Montgomery *v.* Dillingham, 3 S. & M., 647 ; Lewis  *v.* Black, 5 Cushman, 425 ; Dennis *v.* McLaurin, 2 George, 606 ; Conner *v.* Swain, 3 ib., 245 ; Crane *v.* French, 9 ib., 503.

4. If the charges in full lay down the law correctly (as they do in this case), error or ambiguity in one of them, or a refusal by the court to give a charge for either party upon a point which has otherwise been sufficiently explained, even if correct in law, will not vitiate or reverse the judgment.

Powell on App. Pro., 142, § 43, and note ; Cricket *v.* State, 18 Ohio St., 9 ; Farriday *v.* Selser, 4 How., 506 ; Dozier *v.* Ellis, 6 Cushman, 730 ; Dennis *v.* McLaurin, 2 George, 606.

5. The appellate court will not examine the question of evidence, or the weight of it, unless the verdict is clearly wrong. Wall v. Kirkham, 13 S. & M., 594; Prewett v. Coopwood, 4 George, 369; Drake v. Surget, 7 ib., 458.

6. And if the verdict is right on the whole record this court will not reverse it. Perry v. Clark, 5 How., 495; Cartwright v. Carpenter, 7 How., 328; Buskins v. Winston, 2 Cushman, 431; Turner v. Bird, 44 Miss., 449; Pritchard v. Myers, 11 S. & M., 169.

*Gholson & Hooper* and *W. De B. Hooper*, of Gholson & Hooper, on the same side:

1. The circuit court did not err in overruling the motion to strike the case from the docket. 11 Wall., 210.

(1) In numerous authorities the doctrine has been fully recognized and established that a mere omission of the court to call, or of counsel to cause to be called, or of the clerk of the court to docket, the cause, does not operate a discontinuance. 1 Swan, 265; 7 B. Mon., 44; 11 Ga., 599; 24 Ala., 345; 4 ib., 359; 26 ib., 52; 6 Humph., 419; 18 Ala., 619; 13 Tex., 254.

(2) The order of removal, being void, was wholly without effect, accomplished nothing, and the cause was never removed to the federal court, and, from the issuance of the original writ down to the date of the change of venue, held and preserved its status as a suit pending in the circuit court of Monroe county. *Ex parte* Remson, 31 Ala., 272; Lorne v. Gaskins, 5 Cal., 507; Moone v. Easly, 18 Ala.; Ackerly v. Vilas, 24 Wis., 165.

(3) The removal of the papers in the case, by the plaintiff or his counsel, from the state court to the federal court at Oxford, was not a sufficient excuse for the clerk to fail to docket the cause, and did not work a discontinuance. Rev. Code of 1857, p. 483, art. 35; McGuin v. Hay, 6 Humph., 420; Forrester v. Forrester, 29 Ala., 323.

(4) Any discontinuance would be cured by the statute of jeofails. Code, 1871, § 622.

(5) The motion of the defendant, made in the federal court,

was to strike the case from the docket of that court and remand it to the circuit court of Monroe county. On that the federal court acted, and the defendant's counsel cannot now change their opinion. 11 Wall., 210; Pollard & Pickett v. Dwight, 4 Cranch, 421; Insurance Co. v. Dunn, 19 Wall., 214.

2. The demurrer to the pleas was properly sustained. 16 Pick., 419; 2 Allen, 547; 7 Cranch, 506; 2 Johns., 128. Other similar pleas were filed, and the defense fully made under them.

3. On the statute of limitations, Riddlebarger v. Insurance Co., 7 Wall., 386, is admitted to be conclusive, unless controlled by statute. But if the cause were *not* discontinued, the argument as to the limitations has no application.

4. The instructions given were correct, and those refused were mere repetitions.

5. The verdict was right on the evidence, and the motion for a new trial was properly overruled.

CAMPBELL, J., delivered the opinion of the court.

It is earnestly contended by counsel for plaintiff in error that Francis caused his action to be *discontinued* by producing an order for its removal from the circuit court of Monroe county, where he had instituted it, to the district court of the United States, at Oxford, and taking the papers of the case from the clerk's office of the circuit court of Monroe county, whereby all trace of the case was removed from the circuit court of Monroe, and the case lost sight of in said circuit court for three and one-half years, during which Francis was prosecuting his case in the said district court to a judgment against plaintiff in error, and defending a writ of error to said judgment in the Supreme Court of the United States, which reversed said judgment, and remanded the cause to the said district court, with directions to remand it to the circuit court of Monroe, in which it was begun, and in which, after

this lapse of time, it was again docketed and papers refiled, and the venue changed to Lee county.

We have carefully examined the authorities cited by counsel, and have fully considered the question, and conclude that the action was not *discontinued* by the removal of it to the United States court, and its disappearance from the state court while it was being litigated in the federal court. There was certainly no voluntary dismissal or abandonment of his cause by Francis, and we are not disposed to hold that his mistake in supposing that he had the right to remove his cause to the United States court, shared in by the judge of the circuit court and the district court of the United States, and the delay which ensued in the prosecution of his cause, had the legal effect to discontinue the action. The right to remove a cause from a state court to the United States court exists in certain states of case, as provided by acts of Congress, and it would be a strange result that one who thought his case embraced in these acts, and who sought to avail himself of what he thought his right, should suffer the penalty of a loss of his action in the state court, when it was subsequently discovered that he and the state judge and the United States judge were in error in regarding the cause as removable. We think it like a writ of error which a plaintiff should prosecute to any interlocutory judgment of the circuit court, which, though not maintainable, might have the effect to delay action in the circuit court and prevent any step in the cause there, and would, when dismissed, have the effect to remit the case to the circuit court, which could and would proceed with it as though no interruption of the proceedings had occurred. Where a state court grants an application for removal of a cause to a United States court, it is a declension to proceed further in the cause ; but when it is ascertained that the order of removal was improper, and that the United States court has not jurisdiction, the cause revives in the state court, and should be proceeded with as though no order of removal had been made. An order

for removal in a case not embraced by act of Congress is void, and has no effect in legal contemplation, and although its practical effect may be an interruption, improperly, of the prosecution of the cause in the state court, the cause is to be considered as having been all the time pending in the state court, which delayed to see if the United States court would take jurisdiction, and, finding it would not, proceeds to try the case thus remitted to it as though no interruption had occurred. The act of Congress, approved March 2, 1867, under which this case was removed, provides that, when the petitioner for removal shall do what is prescribed in order to a removal of his cause to the United States court, it shall be " the duty of the state court to accept the surety and proceed no further in the suit." Acting on the idea that the cause was one proper to be removed to the United States court, the circuit court of Monroe county determined to " proceed no further in the suit," and did not until it found that the United States court had no jurisdiction of the case, when it proceeded further, and rightfully as we have said.

*Discontinuance* at common law was a failure to *continue* the cause regularly from day to day, or term to term, between the commencement of the suit and final judgment, and if there was any lapse or want of continuance the parties were out of court, and the plaintiff had to begin anew. The plaintiff having left a chasm in the proceedings of his cause, the defendant was no longer bound to attend. *Discontinuance* resulted from the necessity of *continuances* to be formally entered. As our statute dispenses with the necessity for the entry of formal continuances in order to keep a case in court and require the attendance of the defendant, it is not perceived that there can be in this state such a thing as a technical *discontinuance*, whereby a plaintiff will be out of court, because of a chasm in the proceedings of his cause. Section 679, Code of 1871, declares that an action shall be *discontinued* if the representative of a deceased plaintiff shall not appear and become a party to such action by the second term after the death of such party

shall have been suggested on the record; but the discontinuance here spoken of is rather a nonsuit, to which the discontinuance was similar. 3 Bl. Com., 296.

It is a dismissal of the case because it is not prosecuted. It entitles defendant to be relieved from further attendance if a representative of the deceased plaintiff shall not appear and become a party at the second term after suggestion on the record of the death of the plaintiff.

We do not think plaintiff in error suffered any prejudice from the ruling of the circuit court on the pleadings, for, under the issues joined, it got the benefit of every possible inquiry it desired to make. We think the demurrer was improperly sustained to some of the sixteen pleas of defendant below, but, as we cannot see that any injury was done by reason of this, we think it was an error of which plaintiff in error can not complain. Wilkinson v. Cook, 44 Miss., 367; V. & M. R. R. Co. v. Ragsdale, 46 ib., 458. We think no error was committed by the court in excluding testimony. The depositions of experts to prove the meaning of the terms "dry goods" and "groceries" in the policy of insurance were properly excluded, if for no other reason, because the witnesses did not speak of the import of those terms at Aberdeen, where the policy was effected. The question was, what was the meaning of these terms as used by the contracting parties—a merchant keeping a store of dry goods and groceries in Aberdeen, and the insurance company effecting the insurance through its local agent there? As we hold, the depositions were properly excluded for the reason stated. We forbear to say whether the testimony would have been admissible if it had been directed to the question of the understanding of such terms at Aberdeen. Perhaps it would be the duty of the court to tell the jury, as matter of law, that the terms "dry goods" and "groceries," as used in such policy, include all such goods and merchandise as are usually kept in such stores as are called dry goods and grocery stores at the place where the insured did business.

We think some error was committed by the circuit court in its action on the thirty-seven instructions prayed by the parties to be given to the jury; but, while particular instructions may be singled out and criticised, it is quite clear that plaintiff in error has nothing to complain of in the matter of instructions. If the court erred in refusing four out of the twenty-eight instructions asked by plaintiff in error, it abundantly cured the evil by giving twenty-four strongly expressed instructions for it, which gave defendant below (plaintiff here) the full benefit of every principle which learning and ingenuity could invoke to aid its defense.

We will not disturb the verdict. It is not manifestly wrong. We cannot say it is wrong at all. The case was fairly tried on the issues between the parties. Justice seems to have been done, and, looking to the whole record, we can see no error for which the judgment should be disturbed, and it is accordingly affirmed.