Opinion delivered March 9, 1888.

No. 2523.

### HENRY SEELIGSON'S EXECUTORS *v.* TEXAS TRANSPORTATION COMPANY.

1. JURISDICTION—FEDERAL COURTS.—An order made in a federal court in a cause which had been transferred from a State court, and which had been dismissed in the federal court on the ground that it had no jurisdiction, can not control or limit the State court in its subsequent proceedings. Such order would be persuasive to a State court only.
2. SAME.—When, after an order of a State court for the removal of a cause to a United States court, it is decided by the Supreme Court of the United States that there was no sufficient cause for removal, thus affirming a like decision of the circuit court of the United States, a certified copy of the mandate of the Supreme Court of the United States, issuing from the circuit court, when filed in the State court from which the removal was attempted, is sufficient evidence of the refusal of the federal court to assume jurisdiction, and no further order of the circuit court relinquishing jurisdiction is necessary to enable the State court to proceed to judgment in the case.

APPEAL from Harris.   Tried below before the Hon. James Masterson.

Suit brought in the district court of Harris county by Henry Seeligson, against the Texas Transportation Company, Charles Fowler, E. W. Cave, A. C. Hutchison and L. Meggett, as defendants, to the March term, 1884, of said court, and on Feb-

ruary 9, 1884, C. P. Huntington was made a party defendant, and all defendants were duly served with process to said March term, 1884.

At the March term, 1884, upon the petition of C. P. Huntington, the cause was removed into the United States circuit court at Galveston, where it remained until the ninth day of January, 1886, when, upon the motion of plaintiffs, the same was dismissed. From the order of dismissal, the defendants took an appeal to the Supreme Court of the United States, and, in the meantime, Henry Seeligson died, and the temporary administrator of the estate was made party to such appeal, and at the October term, 1886, of the said Supreme Court, the decision of the circuit court was affirmed.

The mandate from the Supreme Court of the United States was filed in the circuit court on the thirteenth of August, 1887, and the same was, under the certificate of the clerk of the circuit court, filed in the district court of Harris county on the first day of September, 1887.

On the seventh day of October, 1887, being default day, the case being called and no one appearing, the plaintiffs dismissed as to C. P. Huntington, and a judgment by default was rendered against the Texas Transportation Company, E. W. Cave, Charles Fowler, L. Meggett and A. C. Hutchison, with writ of inquiry.

On October 11, 1887, the several defendants made a motion to reinstate the case. On the fifteenth day of October, 1887, the motion was heard by the court and sustained, and the default was set aside, and the case dismissed from the district court of Harris county for the want of jurisdiction. To the action of the court a bill of exception was taken, and on October 15, 1887, the plaintiffs filled a motion to reinstate the case because the court had jurisdiction of said cause. Said motion was heard and overruled, and notice of appeal was given in open court.

There was no proof in the record of any action by the United States circuit court, or of the Supreme Court of the United States after the cause was removed, except a copy of a mandate from the Supreme Court of the United States to the judges of the circuit court of the United States for the eastern district of Texas, certified to as a correct copy as it appears on the files of the office of the clerk of the circuit court of the United States by the clerk of said court, on August 18, 1887, which

was filed in the office of the district court on September 1, 1887. From this copy it appears that in the Supreme Court of the United States the death of Henry Seeligson was suggested, and George Seeligson, his administrator, was ordered to be made the party appellee.

*T. N. Waul,* for appellee: When a decision of the United States circuit court upon a removed case is affirmed on appeal by the Supreme Court of the United State, and the mandate is directed to the court from which the appeal is taken, it is the duty of such court to make the orders necessary to carry out the judgment of the Supreme Court, and until such order is made and transmitted to the court from which the cause was removed, such court can make no order in, nor take jurisdiction of, the cause. (U. S. Rev. Stats., sec. 207; Sup. Ct. Rule No. 24, sec. 5; Durant v. Essex Co., 101 U. S. R., 555; Texas Transp. Co. v. Seeligson, 122 U. S. R., 219; Cook v. Burnley, 1 Wall., 672; Williams v. Bruffy, 102 U. S. R., 248; So. Fork Canal Co. v. Gordon, 2 Abbott, 479; Galvin v. Boutwell, 9 Blatch., 471; Thatcher v. McWilliams, 47 Ga., 306; Ger. Ins. Co. v. Francis, 52 Miss., 457; Ex parte Ins. Mobile, 50 Alabama, 464; Spears's Fed. Judiciary, 473, 288, 291; Kleiber v. McManus, 66 Texas, 48.

*S. Mussina* and *W. P. Hamblen,* for appellees: Cited Spear's Federal Judiciary, pages 473, 288; Calvin v. Boutwell, 9 Blatchford, 471; Thatcher v. McWilliams, 47 Georgia, 306; Germania Fire Insurance Company v. Francis, 52 Mississippi, 457; Ex parte State Insurance Company of Missouri, 50 Alabama, 464; Dillon on Removals, section 87; Meyer v. Cook, 6 Wallace; Kleiber v. McManus, 66 Texas, 48.

Walker, Associate Justice. It will be conceded that the jurisdiction and rules of decision of the State district courts are prescribed by the Constitution and laws of the State. Any order in a case removed from the State courts to a Federal court and subsequently dismissed by it for want of legal cause for removal—that is, for want of jurisdiction over the subject in litigation—would therefore be only persuasive, and would not control or limit the State court in its subsequent proceedings in the case. Nor would it be expected that the Federal circuit court would attempt the exercise of control over the

State court. It may be assumed that a court wanting jurisdiction over the subject matter in litigation could make no other valid order than to dismiss, or to refuse to hear the case. After dismissing the case its connection with the case ceased.

The following extract from Judge Campbell's opinion in Germania Fire Insurance Company v. Francis, 52 Miss., 466, 467, applies equally to this case as in the cause in which it was uttered: "Where a State court grants an application for removal of a case to the United States court, it is a declension to proceed further in the cause; but when it is ascertained that the order of removal was improper, and that the United States court has not jurisdiction, the cause revives in the State court and should be be proceeded with as though no order of removal had been made. An order for removal in a cause not embraced by act of Congress has no effect in legal contemplation, and although the practical effect may be an interruption improperly of the prosecution of the cause in the State court, the cause is to be considered as having been all the time pending in the State court, which delayed to see if the United States court would take jurisdiction, and finding it would not, proceeds to try the case thus remitted to it as though no interruption had occurred."

The authorities cited by counsel have been examined so far as accessible, and nothing has been found satisfactorily controlling this view of the subject. (Calvin v. Boutwell, 9 Blatch., 473; Thatcher v. McWilliams, 47 Ga.; Germania Fire Insurance Company v. Francis, 52 Miss., 457; Ex parte State Insurance Company of Mobile, 50 Alabama; Dillon on Removals, sec. 87; U. S. Rev. Stats., sec. 639; Durant v. Essex county, 102 U. S. S. C. Rep., 555; Williams v. Bruffey, 101 Id., 248; Cook v. Burnley, 11 Wallace, 672; West v. Brashear, 14 Peters, 54.)

In this record it appears that the cause was removed from the Harris district court to the United States circuit court at Galveston; that the circuit court dismissed the case for want of sufficient cause for removal. The dismissal was affirmed on appeal by the United States Supreme Court; the affirmance was certified to the circuit court by formal mandate. The mandate is on file in the circuit court. A certified copy of it was filed in the case in the district court on September 1, 1887, and the default was taken October 7. This copy was competent and sufficient evidence of the refusal of the circuit court to assume control of the cause. There was then no

obstacle to the exercise by the State court of its jurisdiction in proceeding with the trial of the cause.

The court holds: First, that, no cause for the removal of existing, jurisdiction over the cause remained in the district court save as in fact suspended by the attempted removal. Second, that no formal order by the circuit court relinquishing jurisdiction after the dismissal was necessary to enable the district court to resume its proceedings. Third, that a certified copy of the mandate from the Supreme Court to the United States circuit court was competent evidence of the refusal of the circuit court to take jurisdiction and fourth, upon being so informed of the action of the federal courts it devolved upon the district court to proceed with the cause as in other cases on the docket.

For the error in dismissing the cause, the judgment below is reversed and the cause remanded.

*Reversed and remanded.*