BILLINGS et al. v. ASPEN MINING & SMELTING CO. et al.

(Circuit Court, D. Colorado. January 13, 1893.)

APPEAL—MANDATE—PROCEEDINGS BELOW—JURISDICTION.

It is too late to question the jurisdiction of the circuit court after the return of a mandate from the circuit court of appeals, and the circuit court has no discretion but to enter a decree pursuant to the directions of the mandate, and carry the same into effect.

In Equity. Bill by Margaret Billings and others against the Aspen Mining & Smelting Company and others, asserting the rights of complainants in a mine, as the heirs at law of William James Wood, one of the original locators. The bill was dismissed on the merits in the circuit court, and complainants appealed to the circuit court of appeals, where the decree was reversed, with specific directions as to the decree to be entered below. See 51 Fed. Rep. 338, 2 C. C. A. 252. Thereafter defendants petitioned for a rehearing, which was denied. 52 Fed. Rep. 250, 3 C. C. A. 69. The mandate having been filed in the circuit court, the defendants now seek by motion to question the jurisdiction of the court to proceed further in the cause. Motions overruled.

T. A. Green, for complainants.

E. O. Wolcott and J. F. Vaile, for respondent Wheeler.

Aaron Heims, for respondent Aspen Mining & Smelting Company.

RINER, District Judge. The motions filed by the defendants seek to question the jurisdiction of this court to further proceed in the cause, and to order an accounting as directed by the mandate of the court of appeals of this circuit. That these objections come too late has long since been settled by the supreme court, and it requires but a reference to one or two decisions of that court to dispose of these motions.

In the case of Skillern's Ex'rs v. May's Ex'rs, 6 Cranch, 267, the identical question was passed upon by the supreme court. The syllabus is in the following language:

"It is too late to question the jurisdiction of the circuit court, after the cause has been sent back by mandate."

And in the opinion, which is very short,—I will read it,—the court say:

"This court, after consideration, directed the following opinion to be certified to the court below, viz.: 'It appearing that the merits of this cause had been finally decided in this court, and that its mandate required only the execution of its decree, it is the opinion of this court that the circuit court is bound to carry that decree into execution, although the jurisdiction of that court be not alleged in the pleadings.'"

To the same effect is a case in 14 Pet. 51,—the case of West v. Brashear. The syllabus in this case is as follows:

"The mandate of the supreme court to the circuit court must be its guide in executing the judgment or the decree on which it is issued. The mandate is the judgment of the supreme court transmitted to the circuit court; and where the direction contained in it is precise and unambiguous, it is the duty of the circuit court to carry it into execution, and not to look elsewhere for authority to change its meaning."

Another case, which goes perhaps to still greater length upon the same question, is the case of Sibbald v. U. S., 12 Pet. 488. The syllabus states very clearly the point decided by the court:

"When the supreme court have executed their power in a case before them, and their final decree or judgment requires some further act to be done, it cannot issue an execution, but will send a special mandate to the court below to award it. Whatever was before the court, and is disposed of, is considered finally settled. The inferior court is bound by the decree, as the law of the case, and must carry it into execution according to the mandate. They can examine it for no other purpose than execution, or give any other or further relief, or review it upon any matter decided on appeal, for error apparent, or intermeddle with it further than to settle so much as has been remanded."

These cases settle the question beyond all controversy that this question, if raised at all, should have been raised in the court of appeals.

There is another case—Stewart v. Salamon, 97 U. S. 362, opinion by Chief Justice Waite—where it seems that the circuit court followed the mandate of the supreme court, and an appeal was taken from its decision. The supreme court, in the opinion, say:

"The rights of the parties in the subject-matter of the suit were finally determined upon the original appeal, and all that remained for the circuit court to do was to enter a decree in accordance with our instructions and carry it into effect."

The above cases, I think, settle the disposition of these motions. They will have to be denied.