### In re HUDSON RIVER ELECTRIC CO.

(District Court, N. D. New York. January 16, 1911.)

BANKRUPTCY (§ 468*)—REVIEW—MANDATE—LIMITATION.

Where an order dismissing an involuntary bankruptcy petition was affirmed by the Circuit Court of Appeals, the District Court, on remand, had no jurisdiction, on motion of petitioning creditors, to modify the order to be entered on the mandate, so as to provide that it should not prejudice the rights of petitioners to apply to the Supreme Court of the United States for a writ of certiorari to review the order.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 468.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

In Bankruptcy. Separate petitions in the matter of the Hudson River Electric Power Company, the Hudson River Electric Company, the Hudson River Power Transmission Company, and the Saratoga Gas, Electric Light & Power Company, alleged bankrupts. An order dismissing the petitions (173 Fed. 934) having been affirmed by the Circuit Court of Appeals (183 Fed. 701), petitioners move to have inserted in the order entered on the mandate of the Circuit Court of Appeals a provision that it should not be prejudicial to their right to apply to the Supreme Court of the United States for a writ of certiorari to review the order. Motion denied.

C. S. & C. C. Lester, for the motion.
Geo. B. Curtiss, opposed.

RAY, District Judge. I know of no power in the District Court to limit in any way the effect of the judgment or order of the Circuit Court of Appeals on affirmance of the order of the lower court. The mandate comes down from the Circuit Court of Appeals, and the lower court is bound to obey such mandate and carry it into effect without any limitation whatever. The District Court is a mere instrument to make effectual the mandate sent down. Billings v. Aspen M. & S. Co. (C. C.) 53 Fed. 561; Gaines v. Caldwell, 148 U. S. 228, 13 Sup. Ct. 611, 37 L. Ed. 432; Bissell C. S. Co. v. Goshen S. Co., 72 Fed. 545, 19 C. C. A. 25; Aspen M. & S. Co. v. Billings, 150 U. S. 31, 14 Sup. Ct. 4, 37 L. Ed. 986. No order this court makes in any way limits, restricts, or enlarges the right to apply to the Supreme Court for certiorari, or to appeal. If certiorari may be granted by

the Supreme Court to review the order of the District Court, there must first be a final order.

Motion denied.