

William D. Hall, Washington, D. C. (Laurence A. Smith, New Bern, N. C., and Elliott I. Pollock, Washington, D. C., on brief), for appellant.

A. Yates Dowell, Jr., Washington, D. C. (A. Yates Dowell, Washington, D. C., and Henry C. Bourne, Tarboro, N. C., on brief), for appellee.

**DAVIS HARVESTER COMPANY, Inc.,**
**Appellant,**

v.

**LONG MANUFACTURING COMPANY,**
**Appellee.**

**No. 10662.**

United States Court of Appeals
Fourth Circuit.

Argued Dec. 7, 1966.

Decided Jan. 27, 1967.

Before SOBELOFF, BOREMAN and J. SPENCER BELL, Circuit Judges.

PER CURIAM:

This is an appeal by Davis Harvester Company from an adverse judgment of the district court which heard the case without a jury. The Davis Harvester Company brought suit upon its two patents for an invention in tobacco harvesters [1] seeking injunctive relief, damages for infringement, costs and attorneys' fees. The Long Manufacturing Company filed answer alleging invalidity and non-infringement of the Davis patents in addition to numerous other defenses and counterclaimed asserting its own patent in the area [2] and charging the plaintiff with infringement thereof. After hearing two weeks of conflicting testimony the district court found in substance that Davis's patent claims to the roller-clip version of the tobacco harvester contained in patents Nos. 2,715,968 and 2,-786,585 were invalid and void, that Long's patent was valid, and that Davis had fraudulently attempted to amend his pri-

---

[1]. U.S. Letters Patent No. 2,715,968.
U.S. Letters Patent No. 2,786,585.

[2]. U.S. Letters Patent No. 2,704,158. This patent was held valid and infringed in Long Mfg. Co. v. Holliday, 246 F.2d 95 (4 Cir. 1957).

or filed patent application in order to appropriate Long's invention. These findings were buttressed with alternative findings that Davis had abandoned his claimed invention, if any; that Davis's conduct as Long's employee would estop him to claim certain vital aspects of Long's invention; and finally that Long would have been entitled to shop rights in anything Davis developed in Long's shops at Long's expense.

Davis really makes only one contention in this court and that is that the district court was clearly in error in its findings of fact in favor of Long. Fed.R.Civ.P. 52(a). We have traced each of Davis's numerous allegations of factual error from his briefs to the record, and not only must we find the trial court not to be clearly erroneous in its findings, but on the contrary we find it clearly correct and more than justified in its criticism of Davis's conduct. The district court will, of course, in a final order specify by number the claims of the Davis patents which it has held invalid and those of the Long patent which it has held valid and upon which damages are allowed. For the reasons set forth in the district court's opinion, the judgment of that court is

Affirmed.