**DAVIS HARVESTER COMPANY, Inc.,**
Plaintiff,

v.

**LONG MANUFACTURING COMPANY,**
Defendant.

Civ. No. 607.

United States District Court
E. D. North Carolina,
New Bern Division.

Nov. 16, 1967.

William D. Hall, of Moore & Hall, Washington, D. C., Laurence A. Stith, of Barden, Stith, McCotter & Sugg, New Bern, N. C., for plaintiff.

Henry C. Bourne, of Bourne & Bourne, Tarboro, N. C., A. Yates Dowell, A. Yates Dowell, Jr., Washington, D. C., for defendant.

## MEMORANDUM OPINION and ORDER

LARKINS, District Judge:

This is a patent infringement action which was heard by this Court without a jury. On April 7, 1966, judgment was rendered for the defendant and appeal was taken. Davis Harvester Co. v. Long Manufacturing Co., 252 F.Supp. 989 (E.D.N.C.1966). The Court of Appeals for the Fourth Circuit affirmed the decision of this Court. Davis Harvester Co. v. Long Manufacturing Co., 373 F.2d 513 (4th Cir., 1967). No further action was taken from the decision of the Court of Appeals, and the time therefor has expired. The Court of Appeals in its opinion, op. cit., directed this Court to enter a final order specifying by number this Court's rulings as to the validity or invalidity of each party's various claims. The judgment of the Court of Appeals "affirmed with costs" the judgment of this Court. On May 1, 1967, this Court entered an order specifying by number the validity or invalidity of each party's claims but "otherwise no change (was) made in the Judgment of April 7, 1966."

On April 12, 1967, the defendant petitioned this Court for the award of counsel fees pursuant to Title 35 U.S.C.A. Sec. 285. Plaintiff has opposed this motion and both parties have filed numerous briefs with this Court. On June 19, 1967, a hearing was held on the defendant's motion which is now before the Court.

Title 35 U.S.C.A. Sec. 285 provides:

"The court in exceptional cases may award reasonable attorney's fees to the prevailing party."

It is the exception and not the rule to award counsel fees in cases of this nature. Ferment-Acid Corporation v. Miles Laboratories, Inc., 338 F.2d 586 (7th Cir., 1964); Berry Brothers Corporation v. Sigmon, 317 F.2d 700 (4th Cir., 1963); Hayes Spray Gun Company v. E. C. Brown Company, 291 F.2d 319 (9th Cir., 1961). The award of counsel fees does not follow as a matter of course from the decision of the District Court as in the case of ordinary costs or charges but rests within the sound discretion of the trial court. For the District Court to award counsel fees, it should make a specific finding that the case is an "exceptional" one. The award of counsel fees must be based on such a finding. Specmade Products, Inc. v. Barnett, 354 F.2d 229 (5th Cir., 1966); P & D Sales and Mfg. Co. v. Winter, 334 F.2d 830 (7th Cir., 1964); Apex Electrical Mfg. Co. v. Altorfer Bros. Co., 238 F.2d 867 (7th Cir., 1956); Berry Brothers Corporation v. Sigmon, supra.

The matter of counsel fees was initially brought before the Court by the plaintiff's request for such fees in the complaint and the defendant's request for the same in the answer. During the trial, the Court, upon finding that one of the defendant's counterclaims was spurious and vexatious, awarded counsel fees to the plaintiff in connection with that counterclaim. No appeal was taken from that ruling.

■ Thus the defendant's request for the award of counsel fees was before this Court at the time judgment was rendered. The Court, failing to award such, did not specifically find this to be an "exceptional case" within the meaning of 35 U.S.C.A. Sec. 285 nor did this Court reserve the right to award counsel fees at a later time. Davis Harvester Co. v. Long Manufacturing Co., 252 F.Supp. 989 (E.D.N.C.1966). The defendant did not seek to amend or alter that judgment. Rule 59, Federal Rules of Civil Procedure. On appeal, the Court of Appeals for the Fourth Circuit was requested by the defendant to award counsel fees. However, that Court did not award counsel fees, and did not specifically find this to be an "exceptional case" within the meaning of 35 U.S.C.A. Sec. 285, and did not direct this Court to award counsel fees. Instead, the Court of Appeals affirmed the decision of this Court and directed that a final order "specify by number the claims of the Davis patents which it has held invalid and those of the Long patent which it has held valid * * *." Davis Harvester Co. v. Long Manufacturing Co., 373 F.2d 513 (4th Cir., 1967). The judgment of the Court of Appeals "affirmed with costs" the decision of this Court.

■ The final order specifying by number the status of the claims of the parties has been entered. Having failed to award counsel fees, or to find this to be an "exceptional case," or to reserve the right to do either at such time when this Court had jurisdiction of all aspects of this case, and that decision having been affirmed by the Court of Appeals, this Court can exercise only such power as directed to be exercised by the Court of Appeals. West v. Brashear, 39 U.S. 51, 14 Pet. 51, 10 L.Ed. 350 (1840); Litchfield v. Dubuque & Pacific R. Co., 74 U.S. 270, 7 Wall. 270, 19 L.Ed. 150 (1868); Durant v. Essex Co., 101 U.S. 555, 25 L.Ed. 961 (1879); Hermann v. Brownell, 274 F.2d 842 (9th Cir., 1960). The entry of the final order exhausted all the power this Court possessed in the instant case. This Court is without the authority to award counsel fees.

Should this Court have decided otherwise, i. e. that this Court does now have the power to award counsel fees, the Court will, nevertheless, in the exercise of its discretion, deny the defendant's motion for the same.