Majority and Dissenting Opinions Issued January 11, 2011, Withdrawn; Reversed
and Rendered and Substitute Majority and Dissenting Opinions filed May 26, 2011.



 

 



 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-01032-CV



 

Daybreak Express, Inc., Appellant

V.

Lexington Insurance Co., as
Subrogee of Burr Computer Environments, Inc. AND J. SUPOR & SONS TRUCKING & RIGGING CO., Appellees

 



On Appeal from the 333rd
District Court

Harris County, Texas

Trial Court Cause No. 2005-01530



 

SUBSTITUTE DISSENTING OPINION

 

            I would hold that the Carmack-Amendment
claim is not barred by the Texas two-year statute of limitations, because under
section 16.068 of the Civil Practices and Remedies Code, the amended pleading
of May 4, 2007 relates back to the original timely-filed pleading of January 6,
2005.  See Tex. Civ. Prac. &
Rem. Code § 16.068 (West 2008).  I therefore respectfully dissent.

            Section 16.068 of the Civil Practices and
Remedies Code is designed to protect litigants from loss of their claims by a
plea of limitations, and as a remedial statute, it should be liberally
construed.  Milestone Props., Inc. v Federated Metals Corp., 867 S.W.2d
113, 116 (Tex. App.—Austin 1993, no writ); Republic Nat’l Bank of Dallas v.
Rogers, 575 S.W. 2d 643, 647 (Tex. App.—Waco 1978, writ ref’d n.r.e.). 
This statute provides as follows:

If a filed pleading relates to a cause of
action . . . that is not subject to a plea of limitation
when the pleading is filed, a subsequent amendment or supplement to the
pleading that changes the facts or grounds of liability or defense is
not subject to a plea of limitation unless the amendment or supplement is wholly
based on a new, distinct, or different transaction or occurrence. 

(emphasis added).

            The majority concludes that the breach-of-settlement
claim originally pled rests on a “wholly different transaction” from the
Carmack-Amendment claim.  The original pleading described the fact of the
original shipment; that the shipment was damaged in transit; and that Burr
sustained property damages in the form of the lost value of the equipment.  Lexington
also pled that it was subrogated to the rights of Burr in both contract and
equity and that it was subrogated to Burr’s causes of action in both contract
and tort.  While it is true that the only cause of action pled in the original
petition was for breach of the settlement contract, section 16.068 specifically
allows for changes in facts and grounds of liability.  If, as Daybreak
contended, there was no settlement agreement, then Lexington/Burr retained its
original tort claim. 

            The majority, without saying so
explicitly, seems to be applying an estoppel argument against Lexington because
of Lexington’s response to removal of its case to federal court.  But, Daybreak
has taken the same inconsistent positions.  Daybreak removed the case to
federal court arguing that Lexington asserted a Carmack-Amendment claim rather
than a breach-of-contract claim in the original petition, but Daybreak now
argues that the Carmack-Amendment claim is a wholly-new transaction and does
not relate back to the same original petition that it removed to federal court.


            The majority focuses on the remand
opinion and discusses federal preemption at length, concluding that Lexington’s
argument is foreclosed.  The remand opinion on lack of subject-matter jurisdiction
is not subject to appellate review even if clearly erroneous.  Dahiya v.
Talmidge Int’l, Ltd., 371 F.3d 207, 209 (5th Cir. 2004).  It has no
precedential value on a defense of preemption.  Smith v. Tex. Children’s
Hosp., 172 F.3d 923, 926 (5th Cir. 1999).  It is based solely on federal
law and does not address Texas procedural issues.  Cf. Hampton v. Union Pac.
R.R. Co., 81 F. Supp. 2d 703, 705 (E.D. Tex. 1999) (explaining that Texas
Rule of Civil Procedure Rule 5 does not apply to removal proceedings, which are
governed by federal law, not state law).  The remand order does not control or
limit the state court in its subsequent proceedings.  Seeligson’s Ex’rs v.
Tex. Transp. Co., 70 Tex. 198, 200, 7 S.W. 708, 709–10 (1888)

The district court’s opinion
was based on the pleading before it, in which the claim was styled as one for breach
of contract.  That ruling did not foreclose amendments to Lexington’s pleading,
and it does not address the state-law issue as to whether or not the
Carmack-Amendment claim is a wholly-new, distinct, or different transaction or
occurrence within the meaning of section 16.068.  Moreover, under federal law, a
party may remove a lawsuit based on an amended pleading.  28 U.S.C. § 1446(b).  Daybreak
could have removed the case to federal court again after Lexington amended its
pleading to assert the Carmack-Amendment claim, but it chose not to do so. 

            In the original petition, Lexington
described the damage to Burr’s equipment during transit as the occurrence that
was the subject of the settlement agreement.  After Daybreak denied that a
settlement agreement existed, Lexington, as Burr’s subrogee, asserted Burr’s
tort cause of action under the Carmack Amendment.  That claim is not a new
occurrence.  See Milestone, 867 S.W. 2d at 117 (tort claim for
misrepresentations added to an original contract claim for indemnity was not a
new transaction or occurrence). 

 

 

            Because the Carmack-Amendment claim is
not barred by limitations, I therefore would address the remaining issues not
reached by the majority.

 

                                                                                                                                                                                                                                    

                                                            /s/        Tracy
Christopher

                                                                        Justice

 

 

 

Panel consists of Justices Seymore,
Boyce, and Christopher. (Boyce, J., Majority.)