ANDREWS v. RICE et al. (No. 7318.)

(Court of Civil Appeals of Texas. Galveston. Oct. 25, 1917. Rehearing Denied Nov. 22, 1917.)

1. REMOVAL OF CAUSES ⬲86(1) — RIGHT OF REMOVAL.

The state courts are not bound to surrender jurisdiction of a cause on petition for removal, unless the petition shows on its face the right of petitioner to the transfer.

2. REMOVAL OF CAUSES ⬲77—RIGHT OF REMOVAL.

The receiver of a railroad company, on being sued, filed an answer praying that Wells Fargo & Co. Express be made a party. Service of citation was had on the agent of Wells Fargo & Co., and it appeared for the sole purpose of presenting a petition for removal of the cause to the federal court, which petition alleged that the name "Wells Fargo & Co. Express" was a misnomer. The court denied the petition for removal and sustained the plea in abatement of Wells Fargo & Co. on the theory that it had never been made a party. Thereafter, only a few days prior to the trial, the receiver filed a petition praying that Wells Fargo & Co. be made a party. Held that, as the right of removal depends on the case disclosed by the pleadings when the petition therefor is filed, and not on the allegations of a petition thereafter filed, or on subsequent proceedings, the trial court had jurisdiction to deny the petition for removal by the Wells Fargo & Co.; it not having been made a defendant when the petition was filed.

3. REMOVAL OF CAUSES ⬲77 — PETITION — GRANTING.

When the answer of the defendant seeking to implead another does not set up a cause of action against a third person against whom plaintiff has no cause of action and who was not an original party, removal of the cause to the federal court on petition of such third party may be denied.

4. INDEMNITY ⬲13(1)—CARRIAGE OF PASSENGERS—ACTIONS.

Where a passenger, who had purchased a ticket and was waiting for defendant's train to arrive at the station so that he could board the same, was fatally injured by a truck of an express company, which, having been left too near the tracks, was struck by the approaching train, defendant, the receiver of the railroad company, though held liable for the passenger's death, has no right of action over against the express company whose agent left the truck too close to the tracks; the express company being under no duty to the passenger to keep the station platform safe.

5. PARTIES ⬲51(4)—JOINDER OF DEFENDANTS—DENIAL OF PETITION.

In an action against the receiver of a railroad company for the death of a passenger injured by an express company's truck, which, being left close to the tracks, was struck by an approaching train, the receiver, having no right of action against the express company, cannot implead it as a defendant.

6. PARTIES ⬲51(2)—JOINDER OF DEFENDANTS—DENIAL OF PETITION.

Where the party sought to be impleaded by defendant was in no sense a necessary party, the denial of defendant's petition to implead such party, filed shortly before trial and more than a year after the filing of plaintiff's petition, was not an abuse of the trial court's discretion in such matter.

7. TRIAL ⬲63(2)—ORDER OF PROOF—DISCRETION OF COURT.

In an action for the death of a passenger injured when a truck standing on the station platform was struck by an incoming train, it was not an abuse of the court's discretion to permit one who had been fireman on the train to testify, after defendant had offered its evidence, that he heard a noise and looked down and saw the truck shoot out as though it had been struck by the train.

8. TRIAL ⬲260(1)—INSTRUCTIONS—REFUSAL.

Refusal of requests covered by the charge given is not error.

9. RECEIVERS ⬲187—ACTIONS—EXECUTION.

In an action against the receiver of a railroad company, the direction of the issuance of

execution for the collection of a judgment in favor of plaintiffs was error; plaintiffs being entitled to present their claim evidenced by the judgment to the court in which the receivership proceeding is pending.

Appeal from District Court, Brazoria County; Sam'l J. Styles, Judge.

Action by Mrs. Minnie H. Rice and others against Frank Andrews, receiver of the St. Louis, Brownsville & Mexico Railway Company. From a judgment for plaintiffs, defendant appeals. Reformed and affirmed.

Gaines & Corbett, of Bay City, Claude Polland, of Houston, and E. H. Crenshaw, Jr., of Kingsville, for appellant. A. E. Masterson and A. R. Rucks, both of Angleton, for appellees.

LANE, J. This suit was brought by Mrs. Minnie H. Rice, widow of F. S. Rice, deceased, for herself and as next friend for their minor children, Paul Rice and Winnifred Rice, joined by Effie May Rice, F. E. Rice, Hester Rice, and Abegail Rice, the adult children of F. S. Rice, deceased, and O. A. Rice, the father of F. S. Rice, deceased, against Frank Andrews, receiver of the St. Louis, Brownsville & Mexico Railway Company, to recover damages in the sum of $30,000 for the death of said F. S. Rice, alleged to have been caused by the negligence of said receiver, his agents and servants.

Plaintiffs allege in substance that on the 30th day of November, 1913, F. S. Rice, husband, father, and son of the plaintiffs, respectively, was at the depot of said railway company to take passage on one of its trains; that he had purchased a ticket from the agent of said receiver as such passenger; that, when the train upon which he expected to take passage was approaching said depot, he went out upon the depot platform for the purpose of boarding said train, and that while he was standing on the platform the train came by and struck a certain truck used by said receiver for loading baggage, freight, and express, which had been carelessly and negligently left on said platform near the railroad track by the servants, agents, and employés of said receiver in charge of the depot and depot grounds; that the impact of said train coming in contact with said truck knocked the same against and upon F. S. Rice, knocking him down and injuring him, from the effect of which he died on the 2d day of December, 1913. Plaintiffs' petition was filed on the 25th day of January, 1915.

On the 24th day of February, 1915, defendant Frank Andrews, receiver, answered admitting that F. S. Rice purchased a ticket from his agent for the purpose of becoming a passenger on one of the trains of said railway company, and that while on the depot platform he was struck by the truck as alleged by plaintiffs, but denying that his agents, servants, or employés, as such, were careless or negligent in the use of said truck.

He denies that F. S. Rice was fatally injured as alleged by plaintiffs. He also pleads contributory negligence on the part of F. S. Rice. He further says that the truck which struck F. S. Rice was the property of the Wells Fargo & Co. Express, which its local agent, N. M. Havens, used in its business at the town of Sweeny, and:

"That if the said F. S. Rice was struck by the truck as alleged by the plaintiffs, * * * and any injury was received by reason thereof, then that the liability, if any, for such injury, would rest upon the Wells Fargo & Co. Express, and not upon this defendant. This defendant further represents that by reason of the contract entered into by and between the St. Louis, Brownsville & Mexico Railway Company and the Wells Fargo & Co. Express, that if there is any liability on account of the alleged injuries to F. S. Rice, resulting in his death, that such liability rests upon the said Wells Fargo & Co. Express, as shown by the following paragraph of said contract: 'The railway company hereby grants to the express company the right to employ its agents and servants, as the agents of the express company, provided the latter holds itself responsible for all acts of theirs connected with and relating to its own business; and the express company assumes all risk of damage to its property, and to property of others in its custody whilst in the cars or depots of the railway company, and shall save the said railway company harmless against any and all claims for damages to such property. The express company does further assume all risk and damage to its agents and employés while engaged in its business on any of the lines of the railway company.' That by reason of the fact that the truck which is alleged to have caused the injury to the said F. S. Rice, resulting in his death, was owned, used, and controlled by the said express company, if there was any negligence in the handling, using, or placing of said truck, so that the same came in contact with the train operated by this defendant, as receiver, and such negligence on the part of the Wells Fargo & Co. Express, if any, caused the injuries complained of, then, by reason of the contract hereinbefore set forth, and by reason of the facts alleged, the said Wells Fargo & Co. Express, and not this defendant, would be liable therefor. Wherefore, premises considered, this defendant prays that the said Wells Fargo & Co. Express be made a party defendant herein, and required to appear and answer herein, and to defend this cause, and that this defendant be dismissed therefrom with his costs, and, in the alternative, should the court hold that this defendant is liable for the alleged injuries to the said F. S. Rice, and judgment is rendered against this defendant therefor, then this defendant prays for judgment over against the said Wells Fargo & Co. Express, for the amount of the judgment therein rendered against this defendant, and all costs, and for all such other and further relief, both general and special, at law and in equity, to which he may of right be entitled."

On the 25th day of February, 1915, the Wells Fargo & Co. Express was made a party to the suit upon the application of said receiver, and citation was served upon N. M. Havens, who was the joint agent of Receiver Frank Andrews and the Wells Fargo & Co. (not the Wells Fargo & Co. Express) at Sweeny, where the accident in question occurred. The case was continued and set for trial at the next term of the court, on the 20th day of September, 1915. On the 7th day of September, 1915, Wells Fargo & Co. (not the company made party by order of the court) pre-

sented its petition to have the case transferred to the District Court of the United States for the Southern District of Texas, and accompanied the same with bond as required by law. On the 14th day of September, 1915, plaintiffs filed their protest to the removal of the case; said protest reading as follows:

"Now come the plaintiffs in the above numbered and entitled cause and move the court that the petition of Wells Fargo & Co. praying that this cause be transferred to the honorable District Court of the United States for the Southern District of Texas at Galveston, Tex., be denied, and in this behalf show to the court: That Wells Fargo & Co. is not a party to this suit, and therefore cannot legally ask that said cause be removed to the District Court of the United States for the Southern District of Texas, at Galveston, Tex. Wherefore, plaintiffs pray that the petition of Wells Fargo & Co., praying for removal of said cause be denied."

On the same day the Wells Fargo & Co. filed the following plea, to wit:

"And now comes Wells Fargo & Co., defendant in the above suit in the cross-action of the defendant Frank Andrews, as receiver of St. Louis, Brownsville & Mexico Railway, and files this supplemental petition to remove said cause to the District Court of the United States for the Southern District of Texas, at Galveston, and also as an answer to the motion this day filed by plaintiffs, and says that the correct name of this defendant is Wells Fargo & Co.; that this defendant Wells Fargo & Co., a corporation, is the real and true defendant in said cross-action of said defendant Frank Andrews, receiver, etc., and is the defendant in fact served with citation on said cross-action of said Frank Andrews, receiver, etc.; and that the name 'Wells Fargo & Co. Express,' given to this defendant in said cross-action of said Frank Andrews, receiver, etc., is a misnomer of this defendant."

On the same day the court overruled the application for removal, and upon the request of Wells Fargo & Co. filed his reasons for denying the application for removal, as follows:

"Said petition for removal was refused by the court for the reason that upon a hearing of said petition it appears to the court that said Wells Fargo & Co., is not a party to this suit, that the record does not prove that Wells Fargo & Co. is a party to this suit, and that there is no proper pleadings in this case filed within the time and in the manner required by law pleading that Wells Fargo & Co., and Wells Fargo & Co. Express are one and the same corporation, and no proof was offered on the hearing of said petition that Wells Fargo & Co. and Wells Fargo & Co. Express are one and the same corporation, or that Wells Fargo & Co. has been impleaded, or had been served, or was a party to this cause; and, for the further reason, that it appears to the court that no party to this cause has filed a petition and bond praying for the removal of this cause as is required by law."

On the 20th day of September, 1915, the court, upon the application of Wells Fargo & Co., quashed the citation served on its agent and dismissed said company from the suit upon the theory that it had never been made a party to the suit and was in fact not a party thereto.

At the January term of the trial court for 1916, and on the 31st day of said month, defendant Frank Andrews, receiver, filed his amended answer and therein denied all al-

legations of plaintiffs charging that F. S. Rice was injured through the negligence of him or any of his agents or servants, and pleaded contributory negligence. He also made practically the same allegations as to the contract and negligence of Wells Fargo & Co., as he made with reference to Wells Fargo & Co. Express in his original answer, and concluded with a prayer that the Wells Fargo & Co. be made a party to the suit and for recovery over against said company for any sum that might be rendered against him as such receiver.

On February 15, 1916, plaintiff filed a contest to the prayer of defendant, Frank Andrews, receiver, to have the Wells Fargo & Co. made a party defendant, for the following reasons:

"(1) That, as shown by the pleadings in this case, the said Wells Fargo & Co. is not a necessary party to this cause.

"(2) That, as shown by the pleadings in this case, the said Wells Fargo & Co. is not a proper party to this cause.

"(3) That, should the said Wells Fargo & Co. be made a party defendant to this cause, it will hinder and delay the trial of plaintiffs' suit greatly to their prejudice, in that an attempt will be made to remove this cause from the jurisdiction of this court to the federal court at Galveston, Tex.

"(4) That the application to implead the Wells Fargo & Co. as a party defendant in this cause comes too late and should not be granted for the reason that it will hinder and delay plaintiffs' suit.

"(5) That the defendant's pleading wherein the court is asked to grant them leave to implead the Wells Fargo & Co. shows no cause of action against the Wells Fargo & Co., and therefore shows no good reason for impleading said company as a party defendant in this cause."

On the same day, February 15, 1916, the court made the following order:

"It appearing to the court that Wells Fargo & Co. is not a proper or necessary party to this cause, and it further appearing to the court that if said Wells Fargo & Co. should be brought in as a party to this cause at this time that Wells Fargo & Co. would immediately file a petition and bond in this cause to remove the same to the United States District Court for the Southern District of Texas, at Galveston, and that to permit said company to be made a party to this cause would unreasonably delay the trial of plaintiffs' case, it is the opinion of the court that the request of the defendant Frank Andrews, receiver, to implead said Wells Fargo & Co. as a party to this cause should be denied. It is therefore considered, and so ordered, adjudged, and decreed, that the application and petition of the defendant Frank Andrews, receiver of the St. Louis, Brownsville & Mexico Railway Company, praying that Wells Fargo & Co. be impleaded as a party to this cause, be and the same is hereby denied. It is further ordered and decreed that the cross-bill filed herein by said defendant against said Wells Fargo & Co. be and the same is hereby dismissed, to which ruling of the court said defendant excepts."

The cause was tried before a jury upon special issues, and in answer thereto they found:

(1) That F. S. Rice was injured at the time and place and in the manner alleged by plaintiffs in their petition.

(2) That such injuries were the proximate cause of the death of F. S. Rice.

(3) That on the night of November 30, 1913,

the time of the accident in question, there was an express truck standing on the depot grounds at Sweeny, Tex., where the accident occurred, at a point so near the north rail of the railroad track as not to permit a passage of a train without being struck by same.

(4) That the facts found to be true in the foregoing answer constituted negligence on the part of defendant, Frank Andrews, receiver.

(5) That the employés of said receiver who were operating the train which struck the truck which was thrown against and upon F. S. Rice were negligent in striking said truck.

(6) That said receiver was negligent in not providing lights at the depot grounds at the time and place of the accident which resulted in the injury of F. S. Rice.

(7) That the negligence stated in the foregoing paragraphs was the proximate cause of the injuries of F. S. Rice.

(8) That F. S. Rice was not guilty of contributory negligence in being at the place he was at the time he was injured.

(9) That Mrs. Minnie H. Rice, Paul Rice, and Winnifred Rice were damaged pecuniarily, by reason of the death of F. S. Rice, in the sum of $7,000, if paid now.

(10) That said sum of $7,000 should be divided as follows: Mrs. Minnie H. Rice, $5,000. Paul Rice, $1,000. Winnifred Rice, $1,000.

Judgment was rendered in favor of Mrs. Minnie H. Rice, Paul Rice, and Winnifred Rice for the sums found for them by the jury against Frank Andrews, receiver, and for said receiver against all other plaintiffs. Execution was also ordered to issue upon said judgment.

[1, 2] It is insisted by assignments 1 and 2, which seem to be grouped: First, that the trial court was without jurisdiction to hear and determine the issues between the plaintiffs and the defendant Frank Andrews, receiver, because Wells Fargo & Co. had filed its application and bond for the removal of the cause to the United States District Court; second, that the court erred in refusing to permit the defendant Frank Andrews, receiver, to make Wells Fargo & Co. a party defendant, as prayed for in his third amended answer filed on the 31st day of January, 1916.

As heretofore shown in the statement of the pleadings of the parties and the orders of the trial court with reference thereto: Plaintiffs' original petition was filed on the 25th day of January, 1915. That at the February term of the court for 1915, and on the 25th day of said month, the court made Wells Fargo & Co. Express, a corporation, party defendant, upon the application of Frank Andrews, receiver, filed in said cause on the 24th day of said month of February, 1915. That, upon making said Wells Fargo & Co. Express a party defendant, the cause was continued to the September term, 1915, of the court and set for trial on the 20th day of September, 1915. That as shown by said application of Frank Andrews, receiver, he or the railway company, of whose properties he is receiver, entered into the contract set out in said application, by the terms of which one N. M. Havens, the local agent of the railway company, was permitted to and did act also as agent for the Wells Fargo & Co. (a corporation different from Wells Fargo & Co. Express, made a party by the court upon said application). That citation commanding service on Wells Fargo & Co. Express was served upon Havens, the joint agent of the receiver Frank Andrews, and Wells Fargo & Co., who had not been made a party to the suit. That on the 7th day of September, 1915, Wells Fargo & Co., not theretofore made a party to the suit, entered an appearance for the purpose, and only for the purpose, of presenting a petition, accompanied with its bond, praying for the removal of the cause to the United States District Court for the Southern District of Texas. That it is alleged in said petition that said company is the real and true defendant in the cross-action of Frank Andrews, receiver, and that the name "Wells Fargo & Co. Express," given to it in said cross-action, is a misnomer of said party. That on September 14, 1915, upon the motion of plaintiffs, the court refused to approve the bond of Wells Fargo & Co., for the reason that the record did not disclose, nor was there any proof, that Wells Fargo & Co. was a party to the suit, and that there were no proper pleadings filed within the time and in the manner required by law alleging that Wells Fargo & Co. Express and Wells Fargo & Co. were one and the same corporation, and that no proof was offered to that effect, or that the first-named corporation had been either impleaded, or had been served, or was a party to the suit, and for further reason that it appeared to the court that no party to the suit had filed petition and bond praying for the removal of the cause, as is required by law. That on September 20th, the day the case was called for trial, Wells Fargo & Co. filed its plea in abatement and prayer for quashal of the citation served upon its agent, Havens, and therein alleged as follows:

"This defendant alleges that its correct and proper name is Wells Fargo & Co.; that it is a corporation, duly incorporated under the laws of the state of Colorado under the corporate name of 'Wells Fargo & Co.'; and that it has been incorrectly sued herein by said defendant Frank Andrews, as receiver of the St. Louis, Brownsville & Mexico Railway Company, in the first amended original answer and cross-petition filed by said defendant Frank Andrews, as receiver of the St. Louis, Brownsville & Mexico Railway Company, in said above numbered and entitled suit on February 24, 1915, under the misnomer of 'Wells Fargo & Co. Express'; that the citation served upon this defendant misnames this defendant as 'Wells Fargo & Co. Express,' and that the return of the sheriff of Brazoria county showing service of said citation upon the agent of this defendant company, at Angleton, in Brazoria county, Tex., misnames this defendant 'Wells Fargo & Co. Express'; that said citation is wholly insufficient in law to require this defendant to appear and answer herein."

That its prayer was as follows:

"Wherefore, this defendant Wells Fargo & Co. prays that this suit abate, be discontinued, and be dismissed as against this defendant Wells Fargo & Co., and that this defendant go hence with its costs; and this defendant prays

for all such other and further relief to which it may be entitled."

That upon the presentation of said plea in abatement to the court the same was sustained, and Wells Fargo & Co. was dismissed from the cause. That the case then proceeded to trial of the issues between plaintiffs and Frank Andrews, receiver, on the 20th of September, 1915, and that, the jury being unable to agree upon a verdict, it was discharged and the cause was continued to the February, 1916, term of the court. That on the 31st day of January, 1916, more than a year after plaintiffs' petition was filed, and only a few days prior to the final trial of the cause, defendant for the first time asked that Wells Fargo & Co. be made a party defendant; and that at no time prior to the dismissal of Wells Fargo & Co. upon its plea in abatement, on September 20, 1915, did defendant ask that said company be made a party defendant. That on the 15th day of February, 1916, the court refused defendant's application to make Wells Fargo & Co. a party to the suit for the reasons hereinbefore set out.

It is apparent from the record that defendant by its pleadings made Wells Fargo & Co. Express, and not Wells Fargo & Co., applicant for removal, a party defendant, and at no time prior to the dismissal of Wells Fargo & Co. from the case on its plea in abatement did defendant ask that said company be made a party, or accede to the persistent contention of said company that it was in fact the company made a party. Wells Fargo & Co. could not substitute itself for the Wells Fargo & Co. Express, interpleaded by defendant, by entering its appearance only for the purpose of filing bond and petition for a removal of the cause to the United States District Court. It was not a party to the suit at that time, and the court did not err in so holding and in refusing to remove the cause upon its application.

The courts of this state are not bound to surrender their jurisdiction upon a petition for removal until a petition is filed which, upon its face, shows the right of the petitioner to the transfer. Amory v. Amory, 95 U. S. 186, 24 L. Ed. 428; Gregory v. Hartley, 113 U. S. 742, 5 Sup. Ct. 743, 28 L. Ed. 1150; Stone v. State of South Carolina, 117 U. S. 430, 6 Sup. Ct. 799, 29 L. Ed. 962; Southern Pac. Co. v. Block, 84 Tex. 21, 19 S. W. 300.

The right of removal depends upon the case disclosed by the pleadings when the petition therefor is filed, and not by the allegations of a petition thereafter filed, or of subsequent proceedings. Wilson v. Oswego Township, 151 U. S. 66, 14 Sup. Ct. 259, 38 L. Ed. 70; Barney v. Latham, 103 U. S. 205, 26 L. Ed. 514.

[3] Where the petition of the defendant to make a new party, as in this cause, does not set up a cause of action against his codefendant, against whom the plaintiff has no cause of action, and who was not an original party to the suit, but was impleaded by defendant, the state court does not err in refusing to remove the cause to the federal court upon the application of the party so impleaded.

[4] If it be conceded that the Wells Fargo & Co. was the party impleaded by the defendant, still there are no facts or combination of facts alleged in defendant's cross-action showing any liability on the part of such company to defendant in the event judgment was rendered against defendant. The defendant's allegations of the existence of the contract btween him and the express company, and that the truck which was left upon the platform of the railway company near the track of the railroad, and which was thrown upon the deceased by the train, belonged to the express company, does not allege a cause of action for which he could recover against the express company in the event of a recovery by plaintiffs against him. H. & T. C. Ry. Co. v. Wells Fargo & Co., 59 Tex. Civ. App. 241, 125 S. W. 971; Lipscomb v. Railway Co., 95 Tex. 15, 64 S. W. 923, 55 L. R. A. 869, 93 Am. St. Rep. 804.

In the case of H. & T. C. Ry. Co. v. Wells Fargo & Co., supra, the court says:

"The ground upon which the railroad company was liable to plaintiffs was that their deceased ancestor, when injured, was a passenger, and the railway company owed him the duty of exercising toward him that high degree of care due from a carrier to a passenger, and that it had failed in the performance of this duty, in that its platform was not in a safe condition for the use of persons and passengers entering its cars, and because of the company's negligence in that respect it was liable. The injuries to Kiber resulted from an express truck upon the railroad platform, which was within 18 inches of the train, and which came in contact with Kiber, dragging him from the train and causing him to be run over, which injuries resulted in his death. The appellant introduced in evidence a written contract between the railway company and the express company, authorizing the express company to use the depot grounds of the railway company. It is argued by appellant that the express truck was left at the place where it was by the express company, and that, if there was negligence in leaving the truck at this particular place, it was the negligence of the express company, and for this reason the court should have rendered judgment in favor of appellant and against the express company for the amount that plaintiffs recovered against the railroad company. We do not agree to this contention. The express company could only act through its servants and agents in the use of the trucks, and the act of a servant in leaving the truck within 18 inches of the car would not in law be the act of the express company itself. There was no contractual relation between Kiber and the express company, and that company owed no duty to Kiber to furnish him a safe platform from which to enter the cars. The railway company did owe Kiber a duty which it failed to perform, and the injuries to Kiber resulted from such failure. Even if, as argued by appellant, the servants of the express company were negligent in leaving the truck where it was left, still the court did not err in refusing to enter judgment in favor of the appellant company and against the express company."

[5, 6] The court did not err in refusing to permit the defendant to make Wells Fargo &

Co. party defendant, upon the petition therefor filed January 31, 1916, for the reason hereinbefore given justifying the court in refusing the removal of the cause, and for the further reason that the express company was in no sense a necessary party, and that the making such new party at that time would have confused and delayed the trial of plaintiffs' suit. In such case it is within the discretion of the court to refuse to permit the bringing in of new parties, and the exercise of such discretion is not an abuse of such powers. R. S. of Texas 1911, art. 1848; Reed v. Coffey, 40 S. W. 1027; Phelps v. Scott, 49 S. W. 687; Ry. Co. v. Corr, 130 S. W. 185; Curtis v. Bank, 138 S. W. at page 797; Carder v. Johnson, 109 S. W. 944.

Assignments 1 and 2 are overruled.

[7] The court did not abuse its discretion in permitting the witness Hoover, after defendant had offered his evidence and rested, to testify in behalf of plaintiffs that he was a fireman on the train which struck the truck (which was thrown against S. F. Rice), and that he heard a noise, looked down, and saw the truck shoot out as though it had been struck by the train. R. S. of Texas, art. 1952; Wright v. Giles, 60 Tex. Civ. App. 550, 129 S. W. 1163; S. L. S. W. Ry. Co. v. Lowe, 97 S. W. 1087; G., C. & S. F. Ry. Co. v, Johnson, 83 Tex. 628, 19 S. W. 151. We overrule the third assignment.

We do not think the argument of counsel, complained of by the fourth assignment, was improper. The assignment is therefore overruled.

Assignments 5 to 20, inclusive, and assignments 25, 26, 27, and 28, in which complaint is made of the charge of the court, are overruled. We have carefully examined the charge of the court, and conclude that it is not subject to the objections urged by the assignments.

[8] Assignments 21, 22, 24, 30, 31, 32, 33, 34, 36, 37, 39, 40, and 42 complain of the refusal of the court to submit to the jury special charges requested by defendant. We have carefully examined the many special charges, and conclude that such of them as might have been properly given were covered by the court's main charge, and therefore were properly refused. The others were properly refused because objectionable and immaterial as to any issue in the case.

By assignments 23, 29, 35, 41, and 43, it is insisted that the findings of the jury upon the special issues submitted are not supported by the evidence, and that there was no evidence to support the judgment rendered by the court. There is no merit in these contentions. The evidence was amply sufficient to support the findings of the jury and to support the judgment rendered.

We overrule the forty-fourth assignment of error, by which appellant insists that the judgment rendered is excessive. The evidence in our judgment amply supports the judgment.

[9] The judgment of the trial court directed the issuance of execution for its collection. This is error. No execution shall issue upon the judgment, but appellees may present their claim evidenced by the judgment, to the court in which the receivership of the railway company is pending, for approval and payment, and the judgment is so reformed.

The judgment of the trial court as here reformed is affirmed.

Reformed and affirmed.