ANDERSON *et al. v.* BOWERS *et al.*

(*Circuit Court, N. D. Iowa, W. D.*    December 10, 1889.)

**1. REMOVAL OF CAUSES—SEPARABLE CONTROVERSY.**
  In an action by resident tax-payers against county officials and bondholders, one of whom is a non-resident, to restrain the collection of a tax levied for the payment of alleged illegal bonds, and to cancel the bonds, there is no separable controversy with relation to the county officials and bondholders.

**2. SAME.**
  The citizenship of the county officials will not defeat the right of removal on the part of the non-resident bondholder, as the former must be deemed to be interested on the same side of the controversy with the complainants. Following *Harter* v. *Kernochan,* 103 U. S. 562.

**3. SAME.**
  But the bonds not being all owned by the non-resident defendant, but by several, one or more of whom were residents, and the record not showing that the bonds owned by the non-resident belonged to a different issue or series from those owned by resident bondholders, there was not a separable controversy pending between complainants and the non-resident which would authorize a removal of the cause.

In Equity.    Bill to restrain collection of taxes.    Motion to remand.
*Kauffman & Guernsey* and *Van Wagner & McMillan,* for complainants.
*Henderson, Hurd, Daniels & Kiesel,* for the Orient Insurance Company.

SHIRAS, J    In the original bill filed in this cause it is averred that the complainants are residents of Lyon county, Iowa, owning property in said county, and that they, in common with all other tax-payers in said county, are interested in the question of the extent of taxation which can be legally imposed upon the taxable property in said county; that under the laws of Iowa the county has no authority to create an indebtedness in excess of 5 per centum of the assessed valuation of the property in the county; that bonds have been issued largely in excess of this limitation, and that same are illegal; that the defendants, being the treasurer, auditor, and members of the board of supervisors of said county, have levied, and are proceeding to enforce the collection of taxes in excess of the legal rate, and for the payment of the illegal bonds issued by the county; that the complainants, for themselves and on behalf of the other tax-payers of the county, seek to restrain the collection of said taxes, and to have the same declared void; and to that end they pray an injunction against said county officials.    Service of the original notice was had upon the county treasurer, and at the ensuing term of the state court a default was entered against him, and a decree for an injunction as prayed for.    Subsequently an amendment to the bill was filed, making several of the bondholders defendants, and praying that the bonds held by them be declared void, and canceled.

The Orient Fire Insurance Company, a Connecticut corporation, one of the defendants to the amended bill, filed its petition for the removal of the cause into this court, and the transcript having been filed, the complainants now move for an order remanding the case, on the ground that this court has not jurisdiction.    On part of the Orient Company it is claimed that there exists in its favor a separable controversy, and, as

the amount exceeds $2,000, the cause was one removable into this court. Viewed with relation to the county officials and the bondholders, I do not think a separable controversy exists. As against the county officials, the remedy sought is a decree declaring the tax void, and restraining its collection, but the ground alleged therefor is the illegality of the bonds. As against the bondholders, the remedy sought is a decree declaring the bonds void, and restraining their collection, on the same ground of illegality in the issuance thereof. The decision of the one question of the validity of the bonds held by the Orient Insurance Company decides alike the question whether the county officials should be restrained from collecting the tax, and the question whether the bonds shall be decreed to be void. It cannot, therefore, be held that the bill presents a controversy against the Orient Company, touching the bonds owned by it, separable from the controversy, touching the same bonds, presented by the bill viewed in relation to the county officials.

The question then arises whether, as to this single controversy, there are adversary parties who are citizens of the same state. If it were not for the decision of the supreme court in *Harter* v. *Kernochan*, 103 U. S. 562, I should be strongly inclined to hold that the county officials ought not to be deemed to be interested with the complainant adversely to the bondholder, yet I cannot find any substantial ground for distinguishing this case from that, upon the facts. In that case the bill was filed by the township and two resident tax-payers against the state treasurer and auditor, the county clerk and treasurer, the township collector, supervisor, clerk, and justices of the peace, and the holders of the township bonds. The bill declared the bonds not binding upon the township, for want of authority in the issuance thereof, and prayed a decree restraining the state, county, and township officers from collecting any tax for the payment of the bonds, for the cancellation of the bonds, and other relief. Upon the question of the removability of the cause, the supreme court held:

"Disregarding, as we may do, the particular position, whether as complainants or defendants, assigned to the parties by the draughtsman of the bill, it is apparent that the sole matter in dispute is the liability of Harter township upon the bonds; * * * that upon one side of the dispute are all of the state, county, and township officers and tax-payers, who are made parties, while upon the other is Kernochan, the owner of the bonds whose validity is questioned by this suit. He alone, of all the parties, is, in a legal sense, interested in the enforcement of liability upon the township. It is therefore a suit in which there is a single controversy, embracing the whole suit, between citizens of different states, one side of which is represented alone by Kernochan, a citizen of Massachusetts, and the other by citizens of Illinois. Removal Cases, 100 U. S. 457."

Under this decision it is clear that the citizenship of the county officials will not defeat the right of removal on part of the insurance company, for the supreme court holds that they are deemed to be interested on the same side of the controversy with the complainant, and, as they are all citizens of Iowa, the controversy is in fact one between citizens of different states.

In *Harter* v. *Kernochan* it appeared that all the bonds in question were owned by Kernochan, and therefore there was but one cause of action, in which all the parties were alike interested. In the case now under consideration the bonds are not all owned by one party, but by several, one or more of whom are citizens of Iowa, and the query is whether this fact defeats the right of removal on part of the Orient Insurance Company. In the bill of complaint it is averred that the bonds alleged to be invalid were issued in the years 1878, 1880, 1881, 1882, 1884, and 1885; the last issue, in 1885, being 120 bonds, of $1,000 each. In the amendment to the bill, making the bondholders parties, it is averred that the several named parties, including George B. Provost, who is a citizen of Iowa, are the owners of the bonds in question, but it is not shown what particular bond or bonds each one owns. Upon the face of the bill it does not appear whether Provost is or is not interested in the same series of bonds with the Orient Insurance Company. In the petition for removal filed by that company, it is averred that the company is the owner of 10 of the bonds described in the bill, and "that the attack upon the said bonds of this petitioner is entirely distinct and different from the attack upon the bonds of each of the other defendants, and that the defense, therefore, is likewise entirely distinct and different, and the whole controversy between the plaintiffs and this petitioner is entirely distinct and different, from that between the plaintiffs and each other of said new parties defendant." If the record, including the petition for removal, showed that the bonds owned by the Orient Insurance Company belonged to a different issue or series from those owned by Provost, it could be well claimed that the controversy over the validity of each series or issue of bonds was separate and distinct, and that there was therefore a separable controversy pending between the plaintiffs and the company which would authorize a removal of the cause; but the difficulty lies in the fact that the record does not show that the bonds owned by Provost and the Orient Insurance Company do belong to different issues or series. The averment in the petition for removal, to the effect that the attack upon the bonds owned by the company is distinct and different from that made upon the bonds held by the other defendants, is a mere conclusion. The facts should be so stated as that the court can, from the facts, reach the conclusion. There is nothing in the petition for removal, nor in the record of the pleadings, which shows that upon the trial the validity of the bonds held by Provost and those held by the Orient Company may not turn upon the same question. It may very well be that the bonds held by Provost, or some of them, and those owned by the Orient Company, are part of the series of 120 bonds issued in May, 1885. If so, then there is not a separable controversy existing between the plaintiffs and the Orient Company. It may be that there does, in fact, exist a separable controversy, but the party seeking the removal has failed to make plain the fact, and in such case the state court was not required to yield up jurisdiction of the cause. If this court should retain the case, and proceed to a trial on the merits, it might appear that the bonds owned by Provost and the Orient Insurance Company are part of the series is-

sued on the 15th of May, 1885, in which case both parties would be interested in one and the same controversy, and the same is true of other single issues of bonds. As it does not, therefore, certainly appear that the controversy between complainants and the Orient Insurance Company is separable and distinct from that between complainants and Provost, and as the latter is a citizen of the same state with complainants, it follows that it is not shown that this court has jurisdiction, and the motion to remand must be sustained.