## TALBOTT & SONS V. THE PLANTERS OIL CO.

### No. 730.

**1. Removal of Cause to Federal Court—Practice on Appeal.**

The action of the trial court in refusing to order the removal of a case to the Federal Court will not be reviewed on appeal, where the Federal Court had entered an order remanding the case before the trial below.

**2. Jurisdiction Over Non-Resident—Demurrer Constitutes Appearance.**

Upon a counterclaim being filed by the defendant, plaintiff dismissed his petition in order to ask, as a non-resident, for a removal of the case to the Federal Court. After an order by the Federal Court remanding the case, plaintiff demurred to the counterclaim of defendant. Held, that such demurrer constituted an appearance, giving the court jurisdiction over plaintiff, even though the matter set up by the counterclaim was not of such nature as to be a proper set-off against the demand of plaintiff, which had been dismissed.

**3. Evidence—Admissions in Pleading.**

Where, in an action against a corporation on a contract alleged to have been entered into by it, the corporation admits in its pleadings that it entered into the contract, a finding to that effect by the trial court will be sustained, although a witness had testified that the corporation was not formed until after the contract was executed.

APPEAL from Parker. Tried below before HON. J. W. PATTERSON.

*Capps & Cantey* and *H. L. Moseley,* for appellants.

*H. W. Kuteman,* for appellee.

JAMES, CHIEF JUSTICE.—The conclusions of the trial judge are found to be supported by the record, and are adopted by us as follows:

*Conclusions of Facts,*—"1. I find that on the 17th of March, 1892, the plaintiffs, Talbott & Sons, entered into contract with the defendants, the Planters Oil Company, for the construction of a cotton seed oil mill at Weatherford, Texas, the same being the contract sued on by defendants, and attached to the answer of defendants as an exhibit. That by the terms of said contract, the plaintiffs agreed to erect a cotton seed oil mill for the defendant, complete, for the sum of $28,700, in which it warranted the machinery to be first class in every particular, with an easy capacity of forty-five tons in twenty-four hours, if properly handled, and not to be excelled by any machinery in the country. That in the machinery placed in said cotton seed mill, was the machines set out in the answer of the defendants. That said machinery so complained of by the defendants was defective, and did not come up to the warranty, and was not worth as much by $5,000 as the machinery contracted for was worth. I also find that defendants have paid in full for said mill so erected by Talbott & Sons.

"2. I find that the defendant, The Planters Oil Company, is the successor to the Cotton Seed Oil Mill Company, of Weatherford, Texas, and is in fact the same company, the name having been simply changed by amended charter.

Vol. XII. Civil—4

"3. I find that the defendants are not entitled to recover anything as consequential damages, but are only entitled to recover as actual damages the difference between the value of the machinery delivered, and that contracted for, which I find to be $5000."

*Opinion.*—The first assignment questions the jurisdiction of the District Court to try the cause after an application by appellant to remove the same to the Circuit Court of the United States. It appears that appellant, on March 20, 1894, sued appellee upon a claim for $540 as due for certain oil mill supplies as furnished in November, December, and January, 1893 and 1894. Appellee, on April 9, 1894, plead in reconvention, setting up breach of contract it alleged to have been entered into between it and appellant on March 17, 1892, for the erection of a cotton seed oil mill, claiming defective construction thereof, and a violation of appellant's guarantee in respect thereto, and large resulting damages. When confronted with this answer, appellant dismissed its petition and filed a petition and bond for removal of the cause to the Federal Court, on the theory that by dismissing its petition it stood as a non-resident defendant in reference to the demand of appellee. It is not necessary for us to test the legal correctness of the judge's refusal to order the removal, for certain matters appear which would in any event disincline us to hold that the court erred in proceeding to exercise jurisdiction of the cause. The District Court did not try the cause until October 30, 1894, and upon that day appellant, by its attorneys, appeared and applied to be reinstated in respect to the original petition, and in this motion alleged that it had dismissed its petition for the sole purpose of removing the case to the Circuit Court of the United States, and that the application to remove had not been sustained by the Federal Court, which court had "sent the case back to this court for trial."

The judge, for reasons that are not questioned, and therefore not material to enquire into, refused the motion to reinstate.

If a court of the State proceeds with a cause in which a removal is applied for, it does so at the peril of having its subsequent proceedings set aside by the appellate tribunals, and ultimately by the Supreme Court of the United States on a writ of error. Kanouse v. Martin, 14 Howard, 23; Stone v. State, 117 U. S., 430; Marshall v. Holmes, 141 U. S., 589. So far as we have been able to find, none of the cases decide the question, whether or not such ruling of the trial court should in any instance be reviewed, when it appears from the record that before the case was tried, the proper Federal Court had considered the matter and had entered an order remanding the cause to the State court. It seems to us that the same rule should be applied here as would have been applied had the District Court entered the order of removal and tried the case only after the cause had been remanded to it by the Federal Court. In point of fact, it is made to appear that appellant had availed himself of his right to file a copy of the record in the proper Circuit Court of the

United States, and the cause had been remanded, before the District Court undertook to try it.

If, therefore, we should decide that it was a proper case for removal, and that the removal should have taken effect, and should reverse the judgment because the judge had no jurisdiction for that reason to render it, the cause would be without a forum. We are not disposed to adopt a course which will lead to such an absurd result. This court has no power to direct the Federal judge, as the Supreme Federal tribunal may do, to which the question may eventually be taken.

No appeal or writ of error lies from an order of the Circuit Court of the United States remanding a cause to the State court; hence, after the order of remand, it was at least proper for the judge to entertain and dispose of the cause, and this was the only course consistent with the due and orderly administration of justice. And we think, as a question of law, that jurisdiction, if it was taken away by the application, was revested in the State court by the remand, which was a final determination of that matter, there being no appeal allowed from such an order.

In reference to appellants' third and fourth assignments, we think the judge did not err in overruling appellants' demurrers to the answer setting up defendant's demand. It may be that had the course of the proceedings been different, it was not a proper subject of counterclaim under our statute, but this is not necessary to consider. The demurrers were not made until after appellant had dismissed his petition. The dismissal was for the sole purpose, as appellant admits by its pleadings, of placing itself in the attitude of a non-resident defendant, in order to ask for a removal of the cause. This would seem to be an assertion of his position in the case of that of a non-resident defendant. The authorities are conflicting on the question whether or not the filing of a petition for removal is a general appearance. 1 Foster Fed. Practice, sec. 100. This also is not material in this case, for the demurrers filed after the order of remand was made certainly constituted such appearance. The answer was an affirmative pleading, setting up a demand against appellant, and by pleading to this, appellant subjected himself to the jurisdiction, and this dispenses with any inquiry into the question of whether or not the matter set up in the answer was of such a nature as to be a proper setoff or counterclaim to plaintiff's demand, that had been dismissed.

The fifth, seventh, eighth, and tenth assignments are based upon the statement by one of plaintiff's witnesses to the effect that Talbott & Sons were a firm up to February, 1894, when they were incorporated. The statement of facts itself contains nothing opposed to this. The point made, founded upon this statement, is that it is hereby shown that the contract of 1892 for a breach of which appellee has recovered was not made with plaintiff corporation, and also that the contract was not performed nor the breach of contract committed by plaintiff corporation, but by the firm of Talbott & Sons, and hence that the corporation was not liable. Appellee claims that this result cannot be successfully main-

tained, because the execution of the contract by plaintiff was alleged in the answer and was not denied under oath and therefore admitted. The merits of this particular contention we need not go into, because we find that appellant, by its pleadings in terms admitted that it entered into the agreement of March 17, 1892, and claimed that it had performed the same according to its terms. Certainly these admissions of record were entitled to be considered by the court as testimony of at least as high a nature as that of a witness. The witness giving the above testimony may have been mistaken; and in view of the statements and admissions contained in appellant's pleadings, the court would have been warranted in so concluding. The court's conclusion would be further warranted by the consideration that the testimony of the witness, considered with the appellant's pleadings, tends to show the identity of the corporation and the firm, and that the former succeeded to the assets and contract obligations of the latter. Therefore we have determined that the judge's finding of the fact that appellant entered into the said contract and undertook to perform it is supported by the record.

There is evidence to show a breach of the contract of guaranty, and also evidence to sustain the conclusion of the judge as to the amount of the damages, and we therefore affirm the judgment.

*Affirmed.*

Delivered December 11, 1895.

Writ of error refused.