**ODWARD et al. v. FOSTER.   (No. 7184.)**\*

Court of Civil Appeals of Texas. Austin. Jan. 18, 1928.

Rehearing Denied Feb. 8, 1928.

**1. Removal of causes** ⬤⟞52—**Whole subject-matter must be capable of final determination as between nonresident defendants only to warrant removal of cause (Jud. Code, § 28 [28 USCA § 71]).**

Where plaintiff in state court joins in one suit numerous defendants, some of whom reside within and some without state, whole subject-matter must be capable of final determination as between out-state defendants, and complete relief afforded as to separate causes of action against them without presence of other parties to entitle them to removal of cause to federal courts as to them on ground of diversity of citizenship, under Judicial Code, § 28 (28 USCA § 71).

**2. Removal of causes** ⬤⟞48—**Single cause of action is not divisible, so as to authorize removal of cause, though each defendant has separate defense (Jud. Code, § 28 [28 USCA § 71]).**

A single cause of action against several defendants, some of whom reside outside state, is not divisible, so as to entitle latter to removal of cause to federal court on ground of diversity of citizenship, under Judicial Code, § 28 (28 USCA § 71), though each defendant has a separate defense.

**3. Removal of causes** ⬤⟞52—**Nonresident defendants, in suit to cancel oil lease, held without separate, divisible cause of action authorizing removal of cause (Jud. Code, § 28 [28 USCA § 71]).**

Nonresident defendants, in suit against lessee and his assignees to cancel an oil and gas lease on ground that it had expired and become null and void under its terms because of failure to drill well, had no such separate and divisible cause of action as would entitle them to removal of cause to federal court under Judicial Code, § 28 (28 USCA § 71); assignment by lessee to other defendants not being attacked nor any specific tract of land sought to be recovered from any of them.

**4. Abatement and revival** ⬤⟞82—**Answer on merits generally waives subsequent plea in abatement (Vernon's Ann. Civ. St. 1925, arts. 2006, 2012).**

An answer on the merits before filing a plea in abatement is generally considered a waiver of

---

such dilatory plea, under Vernon's Ann. Civ. St. 1925, arts. 2006, 2012.

**5. Appeal and error ⊂⇒1057(2)—Exclusion of copy of lessor's deed of royalty in one-sixteenth of minerals to company not party to suit to cancel oil lease held harmless, in view of admission that no oil was produced.**

In suit to cancel oil and gas lease, error, if any, in excluding photostatic copy of deed of half of lessor's royalty or one-sixteenth of minerals under land leased to company not party to suit, *held* harmless, in view of admission that no oil had been produced from any of such land.

**6. Mines and minerals ⊂⇒78(2)—Oil lease, setting apart, confining warranties to, and requiring production from, each lessor's tract, held not joint or community lease; kept alive as to one lessor's land by drilling wells on another's land.**

Oil and gas lease, executed by eight landowners, but distinctly setting apart their separate tracts and confining warranty of each to his particular land, and providing that oil or gas in paying quantities must be produced in some part of land owned by each for lease to remain in force longer than five years, *held* not a joint or community lease of single tract, kept in force as to land of lessor, suing to cancel lease for failure to drill well thereon, by drilling paying wells on another lessor's land.

**7. Mines and minerals ⊂⇒78(2)—Lessor, on whose land no well was drilled within term, held entitled to judgment canceling oil lease.**

Lessor, on whose land no well was drilled during term of oil and gas lease, providing that it should remain in force as long thereafter as oil or gas was produced from some part of each lessor's land, was entitled to judgment canceling lease.

Appeal from District Court, Sterling County; J. F. Sutton, Judge.

Suit by W. L. Foster against Paul S. Odward and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Harris, Harris & Sedberry, of San Angelo, Burney Braly, of Fort Worth, Gilvie Hubbard, of McCamey, and Pat Kellis, of Sterling City, for appellants.

Hill, Neill & Hill, of San Angelo (J. P. Hill, of San Angelo, of counsel), for appellee.

BAUGH, J. This is an appeal from a judgment of the district court of Sterling county, Tex., canceling an oil and gas lease on certain lands in that county executed by W. L. Foster and others to Paul S. Odward. Foster was plaintiff below, and Odward and numerous assignees from him were defendants. The facts are substantially as follows: W. L. Foster, joined by seven other landowners, executed an oil and gas lease, dated August 5, 1921, to Paul S. Odward to approximately 11,000 acres of land in Sterling county, of which Foster owned approximately 7,600 acres and the others owned varying amounts. This lease required no down payment nor any payment of rentals. Among others, it contained the following provision:

"It is agreed that this lease shall remain in force for a term of five years from this date, and as long thereafter as oil or gas, or either of them, is produced from some part of the land owned by each of the lessors herein."

It also provided that actual drilling of a well must be begun on or before February 5, 1922, and prosecuted diligently to a depth of 4,000 feet, unless oil or gas be sooner found in paying quantities, and in case of a dry hole, that a similar well be begun within 90 days after its completion.

No well was ever drilled to a depth of 4,000 feet, nor was any well ever drilled or begun on plaintiff Foster's land during the five-year period. Two wells were drilled on the land of Durham, one of the other lessors, in which oil in small quantities was found at about 1,400 feet. One of these wells was later deepened to 3,500 feet, but the evidence was conflicting as to whether they were paying producers.

The only contention made by appellants on the merits was and is that the wells drilled on Durham's land were paying producers and kept the lease alive as to the entire 11,000 acres and as against all the lessors, including plaintiff, and that such was the intention of all the parties, and that, if the above-quoted provision of the lease be construed otherwise, same was inserted by mutual mistake, and that said lease should be reformed so as to provide for its continued life.

Three propositions are raised on the appeal. The first is that the trial court erred in refusing to remove this suit as against Paul S. Odward, a resident of Chicago, Ill., and as against Texas Oil & Gas Syndicate, a trust estate, also domiciled in Chicago, Ill., to the Federal District Court upon their petition and bond seasonably filed, alleging that their interests in said lands were severable, and that each owned a separate estate from all other defendants in a separate tract or parcel of land, citing United States Judicial Code, § 28 (28 USCA § 71), Ala. Power Co. v. Gold Mining Co. (D. C.) 5 F.(2d) 705, and Connell v. Smiley, 156 U. S. 336, 15 S. Ct. 353, 39 L. Ed. 443.

[1-3] It is well settled that, where a plaintiff in a state court has joined in one suit numerous defendants, some of whom reside within the state, and some without the state, as was true in this case, in order to entitle the out-state defendants to remove such cause as to them to the federal courts on the grounds of diversity of citizenship. "The whole subject-matter of the suit must be capable of being finally determined as between them, and complete relief afforded as to the separate cause of action, without the presence of others originally made parties to the suit." Torrence v. Shedd, 144 U. S. 530, 12

---

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

S. Ct. 727, 36 L. Ed. 528, and cases there cited. And, where there is in fact but a single cause of action, it is not divisible, although each of several defendants has a separate defense. Graves v. Corbin, 132 U. S. 571, 10 S. Ct. 196, 32 L. Ed. 462; Anderson v. Bowers (C. C. A.) 40 F. 708; In re The Jarnecke Ditch (C. C. A.) 69 F. 161. We think the instant case comes clearly within that rule. Foster did not attack the assignment of Odward to the various other defendants, nor did he seek to recover any specific tract of land from any one of them. His cause of action alleged was that said lease contract, under its terms, and under the undisputed facts, had expired and had become null and void as to all his lands, thus calling for the construction and application of the lease as a whole, so far as his lands were concerned. If the trial court sustained his plea, said lease was canceled as to all defendants; if it did not sustain that plea, he was entitled to no relief as against any of the defendants. Cox v. Sinclair Gulf Oil Co. (Tex. Civ. App.) 265 S. W. 196. Under these circumstances the nonresident defendants had no such separate and divisible cause of action as would entitle them to remove same to the Federal District Court.

[4, 5] The next proposition relates to the exclusion of proffered evidence. Appellants filed a plea in abatement alleging that Foster had by deed conveyed to the Southland Royalty Company, during the term of said lease, one-half of his royalty, or one-sixteenth of the minerals under said land, and that it was therefore a necessary party plaintiff. On the trial they offered a photostatic copy of said deed, which the trial court excluded, on the ground that the original deed was the best evidence. It appears that the appellants had already answered on the merits before they filed their plea in abatement. This is generally considered as a waiver of such dilatory plea. Vernon's R. S. 1925, arts. 2006 and 2012, and annotations thereunder. Nor does it appear that any proof was made of the execution of the original deed by Foster. But, aside from all that, had said copy been admitted, it only shows that the Royalty Company was entitled to one-sixteenth of the oil that might be produced from a part of Foster's land under said lease to Odward; and, since it was admitted that no oil had been produced from any of Foster's land under said lease, appellants could have in nowise been injured, and the error, if any, was harmless. Caruthers v. Leonard (Tex. Com. App.) 254 S. W. 779.

[6, 7] The third proposition goes to the merits of the case. Assuming that the two wells on Duncan's land were paying producers, did such wells keep said lease in force as to Foster's land after the expiration of the five-year period? Appellants contend that said lease was a joint or community lease, and that the entire acreage should be treated as one tract. We do not so construe it. The separate tracts owned by each party were distinctly set apart in said lease as owned by him. And in the warranty clause each owner confined his warranty to his own particular land. The lease does not show whether the lands owned by the respective lessors were even contiguous. Immediately following the description of said lands in said lease, and as the first condition for its continued life, was inserted the provision hereinabove quoted that for said lease to remain in force for a longer period than five years oil or gas in paying quantities must be "produced from *some part of the land owned by each of the Lessors* herein." (Italics ours). This language is clear and unambiguous, and is binding upon the lessee and his assignees. Not only so, but the evidence showed that Odward himself, only a few days before the expiration of said five-year term, construed said lease as terminated on plaintiff's lands. He did allege that said clause was inserted in said lease by mistake, and that it was the intention of the parties to the lease that production on any tract should preserve the entire acreage, and so testified. But in this he was contradicted by five of said landowners who testified to the contrary. It is undisputed that no well had ever been drilled on plaintiff's lands during said five-year term. Under such circumstances, and under the express terms of the lease itself, plaintiff was entitled to the judgment rendered by the trial court canceling said lease on his lands, and such judgment is in all things affirmed.

Affirmed.