### KRETZSCHMAR v. CHRISTENSEN.
### No. 8587.

Court of Civil Appeals of Texas. San Antonio.
April 1, 1931.

Rehearing Denied April 22, 1931.

Kleberg & Eckhardt and T. S. Cyrus, all of Corpus Christi, for appellant.

Sidney P. Chandler, of Corpus Christi, for appellee.

FLY, C. J.

Appellee sued appellant to recover the sum of $675 on a contract to close the flow of salt water into a well of fresh water, or, in the alternative, on a quantum meruit for labor performed, and also to foreclose a mechanic's lien on certain real estate on which the well is located. The cause was tried without a jury, and judgment was rendered in favor of appellee for $525.

It was the contention of appellant that appellee agreed to work on the well and guaranteed that he would shut off the salt or brackish water and secure "sweet" water for $300. Rojas, the agent and son-in-law of appellant swore to those facts, and he was corroborated by his wife. Appellee denied that he gave any guaranty as to the quality of the water or agreed to accept $300 for his labor. He swore that Rojas agreed to pay him $25 a day. He worked with assistants on the well for 24 days. Appellee had no knowledge of any instructions to Rojas as to obtaining a guaranty as to the quality of the water, or that he was limited to pay only $300. There is testimony which would sustain a conclusion that Rojas was a general and not a special agent to contract for labor on the well.

The evidence indicates that Rojas was in charge of the property of appellant in Nueces county and he lived in another county. He was held out as the agent of appellant. Appellee contracted with Rojas as the agent of appellant, without having notice of special authority alone being conferred upon him in connection with the well. The secret instructions given by appellant to his agent cannot be used as a shield to assist appellant in resisting payment of debts.

It was not error to allow proof of the admission of appellant in his answer that Rojas was authorized to contract for labor on the well in the sum of $300, and appellee could use that admission to prove agency without admitting the truth of allegations as to guaranty and as to the sum to be paid for the well. However, if it be conceded that the whole was to be taken as true, it did not bind appellee without proof that he knew of the instructions to Rojas when he made the contract. Appellee denied that knowledge of the limitation of power to contract imposed by the father-in-law upon his son-in-law and agent.

This case involves nothing but questions of fact, based upon the credibility of the contractor and the son-in-law, that credibility to be determined in this instance by the trial judge, in the absence of a trial by jury. The propositions are overruled, and the judgment should be affirmed.

Appellant failed to copy his assignments of error into his brief, and has sought to correct that error by attempting to file a supplemental brief after this cause had been submitted. We do not think such practice permissible or to be encouraged. However, the propositions have been considered as though based on assignments of error duly copied into the brief, and have been overruled.

The judgment is affirmed.