## MITCHELL OIL & GAS CO. v. GREEN.

### No. 1768.

Court of Civil Appeals of Texas.
Eastland.

March 11, 1938.

Rehearing Denied April 8, 1938.

730

Willis L. Lea, Jr., and D. D. Mahon, both of Dallas, for appellant.

Thomas R. Smith and R. H. Ratliff, both of Colorado, for appellee.

LESLIE, Chief Justice.

Elmer Green, plaintiff, instituted this suit against the Mitchell Oil & Gas Company, a corporaton, to recover damages for the breach of an alleged contract.. The defendant answered by general demurrer and general denial. The trial before the court without a jury resulted in a judgment for the plaintiff in the sum of $1,500. The defendant appeals.

Upon request, the trial court filed findings of fact and conclusions of law. There is also a statement of facts in the record. The judgment and findings supporting it are challenged by various assignments and propositions thereunder. To properly reflect this court's holdings, it becomes necessary to state in substance the nature of the contract alleged.

The plaintiff, Green, and the defendant are alleged to have entered into a contract whereby the former was to furnish the "rig, machine, tools and equipment" to clean out and deepen what is known as the "Morrison well" in Mitchell county. It is also alleged in connection therewith that "it was contemplated" that "plaintiff would· drill five additional wells for defendant after the work upon the Morrison well was completed," etc. It was further alleged that under the contract the plaintiff, Green, was to supervise said work. As a consideration for his services the oil and gas company is alleged to have agreed (1) "to pay him the sum of $300 per month for his services"; (2) "to furnish all pipe for drilling said well"; (3) "pay all labor and supply bills incurred in the work"; and (4) "to replace all cordage, tools and machinery belonging to the plaintiff and used on said well, damaged in the drilling of said well beyond ordinary wear and tear," etc.

It was further alleged that the defendant failed and refused to pay said monthly sal-

ary from June 21, 1935, to May 22, 1936, damaging plaintiff thereby in the sum of $2,620, and that the defendant also breached the contract in failing to compensate the plaintiff for various tools, equipment, etc., "damaged, lost and destroyed beyond ordinary wear and tear" to the extent of $1,-512.

At the conclusion of the trial the court found the existence of a contract and rendered a judgment in favor of the plaintiff (1) for $600 "for damages and destruction of oil well tools and equipment, over and above their natural wear and tear," and (2) "the sum of $900 as a balance of salary for personal supervision earned by the plaintiff in deepening the Morrison well and the amount that he would have earned in drilling one additional well, making the sum of $900 due the plaintiff for his personal services earned and to be earned under the contract and $600 damages to the tools, making the total of $1,500. * * *"

■ It is appellant's first contention that the trial court applied an incorrect measure of damages and that the proper measure of damage under the facts alleged is the contract price for the drilling less the expense incident to carrying out the contract, citing Timmins v. Independent Lumber Co., Tex. Civ.App., 7 S.W.2d 130; Waterman Lumber & Supply Co. v. Holmes, Tex.Civ.App., 161 S.W. 70; Osage Oil & Ref. Co. v. Lee Farm Oil Co., Tex.Civ.App., 230 S.W. 518; Hoffer Oil Corp. v. Hughes, Tex.Civ.App., 48 S.W.2d 426. Abstractly speaking, these authorities state a correct proposition of law. However, this rule of law is not believed to be applicable to the facts of this case for the following reasons: The $900 item of recovery allowed by the judgment is accounted for by the trial court in the following way: The services in an effort to clean out and deepen the Morrison well began "on or about June 21, 1935." This work continued until the 10th day of November, 1935, when that well was abandoned. For plaintiff's personal supervision of this work and the use of his equipment within the limits of ordinary wear and tear, he was paid by defendant $822.50. In other words, as found by the court, this sum compensated him for said services, etc., "up to and including September 10, 1935." As noted, this work ceased and the well was abandoned two months later—November 10, 1935. For these two months the trial court allowed the plaintiff recovery of $600, and, in addition thereto, $300 which he would have earned

had he been permitted to drill an additional well for the defendants. The aggregate of these sums make up the $900 allowed in the judgment for a breach of the contract to pay $300 per month for personal service, supervision, etc.

■ After a careful study of the pleadings and the testimony, we conclude that the judgment for $600 covering the last two months' services on the Morrison well is warranted, but we reach the conclusion that the pleadings are entirely insufficient to warrant a recovery of the $300 apparently allowed for the drilling of an oil well. It is not claimed that the plaintiff drilled it, but that he held himself in readiness to drill the same, but was prevented from doing so by the failure of the defendant to furnish labor, etc., and otherwise comply with the alleged contract with respect thereto. As to the drilling of other oil wells—beyond the cleaning out and deepening of the Morrison well—we find no allegations in the plaintiff's petition setting up a contract, mutually binding upon the plaintiff and the defendant in regard to the drilling of such wells. In connection with the deepening of the Morrison well, it is alleged the parties "contemplated" drilling other wells, but such pleadings fail to go further and allege the facts consituting a definite contract binding these parties to drill the same. Consequently, there are no pleadings to sustain the recovery of the $300 allowed for the time in which plaintiff alleges he held himself in readiness to drill the same. As to this item of damages we sustain the appellant's contentions in part, and disallow same. As to the $600 recovered for the two months' services rendered, the rule of law contended for by appellant and stated in the above authorities has no application.

■ We sustain the judgment allowing recovery for $600 for oil well tools and equipment "damaged, lost and destroyed beyond ordinary wear and tear." The evidence on these matters is such that a greater or smaller judgment would have been sustained. In that condition of the record this court will not disturb the judgment of the trial court.

■ We overrule the assignments complaining that the evidence failed to show that V. E. Ekholm, in making the contract with the plaintiff, was acting for and in behalf of the Mitchell Oil & Gas Company. In the plaintiff's petition he was alleged to be and to have acted as such agent. In the defendant's cross-action in its original an-

732

swer (abandoned) it was alleged that Ekholm was such agent. In the cleaning and deepening of the Morrison well Ekholm constantly advised with and consulted the defendant; and for services so rendered and other expenditures made at the Morrison well the defendant paid by its own vouchers. The agency was well established. See Miller v. Sealy Oil Mill & Mfg. Co., Tex.Civ.App., 166 S.W. 1182.

There was no error in admitting in evidence the defendant's abandoned pleading wherein the agency of Ekholm was alleged and admitted. The admission was material and against interest. Campbell v. McLaughlin, Tex.Com.App., 280 S.W. 189; Kretzschmar v. Christensen, Tex.Civ.App., 37 S.W.2d 844; Lewis v. Crouch, Tex.Civ. App., 85 S.W. 1009; Goodbar Shoe Co. v. Sims, Tex.Civ.App., 43 S.W. 1065; Wright v. U. S. Mortg. Co., Tex.Civ.App., 54 S.W. 368; Prouty v. Musquiz, Tex.Civ.App, 59 S.W. 568; Ft. Worth & D. C. Ry. Co. v. Wright, 27 Tex.Civ.App. 198, 64 S.W. 1001; O'Loughlin v. Moran, Tex.Civ.App., 250 S.W. 774; Talbott & Sons v. Planters Oil Co., 12 Tex.Civ.App. 49, 33 S.W. 745, writ refused; Bain Peanut Co. v. Pinson & Guyger, Tex.Civ.App., 273 S.W. 655; 17 Tex. Jur. p. 571, § 237.

For the reasons assigned, the judgment of the trial court will be reformed, disallowing recovery for the $300 for the well not drilled, and as so reformed the judgment of the trial court will be affirmed. It is so ordered.