**FOSTER et al. v. KIMBRO.**

No. 3290.

Court of Civil Appeals of Texas. Beaumont.

April 14, 1938.

Herbert Finkelstein of Kilgore, for plaintiffs in error.

Sanders & McLeroy, of Center, for defendant in error.

WALKER, Chief Justice. ·

This appeal is by writ of error but the parties will be referred to as appellants and appellee.

In county court of Shelby county, in reply to the cross-action filed against them by appellee, T. D. Kimbro, appellants, Tom Foster and M. E. Terry, answered by plea of privilege to be sued in the county court of Gregg county, the county of their residence. No controverting affidavit was filed against the plea of privilege.

Appellee's cross-action was filed in an action against him by the News-Champion Publications, Inc., and in no way involved the issues between him and plaintiff. On the 13th day of January, the issues as between the plaintiff and appellee, and as between appellee and appellants, were tried to the court without a jury; judgment was rendered in favor of the plaintiff against appellee for the amount sued for, and in favor of appellee against appellants, overruling the plea of privilege, for the amount sued for in their cross-action. Appellants made no appearance in the case after filing their plea of privilege, and the case was tried at the same term of court at which the plea of privilege was filed.

In so far as the judgment of the lower court was in favor of News-Champion Publications, Inc., against appellee, it is affirmed, but is reversed in so far as appellee was given judgment against appellants and remanded to the lower court with instructions to transfer the case, as between appellee and appellants on his cross-action, to the county court of Gregg county. The following proposition from Bogle v. Landa, 127 Tex. 317, 94 S.W.2d 154, 155, Judge German speaking for the Commission of Appeals sustains our order of reversal and remand; in that case Judge German said: "In the case of John E. Quarles Co. v. Lee (Tex.Com.App.) 58 S. W.2d 77, it was held that when a plea of privilege has been filed and no controverting affidavit is filed within the time required by law, the court is without jurisdiction to enter any order other than an order transferring the cause to the proper court."

Affimed in part, in part reversed and remanded, with instructions.