140

## MINUS v. GROTE et al.
### No. 4105.

Court of Civil Appeals of Texas. El Paso.
July 10, 1941.

Rehearing Denied Sept. 18, 1941.

R. R. Smith, of Jourdanton, for appellant.

John J. Pichinson and Joe J. Alsup, both of Corpus Christi, for appellees.

SUTTON, Justice.

This is an appeal from the 117th District Court of Nueces County. The parties will here be designated as they were in the trial court.

The appeal is from an order and judgment of the court entered at the September Term, 1939, setting aside an order and judgment sustaining a plea of privilege filed by the defendant, J. C. Minus, at the May, 1939, term of court, and overruling the plea.

Ed Grote, the plaintiff, sued J. C. Minus and Service Finance Corporation, a corporation, as defendants, to recover damages for an alleged libel and slander. The suit was returnable to the regular May, 1939, term of the court. Minus filed his plea of privilege April 28, 1939, just prior to the convening of the term. The plaintiff failed to file a controverting affidavit within the time prescribed by statute. On May 18, 1939, more than five days after appearance day, the trial court entered the following judgment:

"On this, the 18th day of May, 1939, came on to be considered the matter of the plea of privilege filed in the above entitled and numbered cause, wherein claim is asserted to be sued in Bexar County, Texas.

"And it appearing to the Court that a controverting plea to the plea of privilege has not been filed within the time required by law; and that said plea of privilege should be sustained; and that said cause should be transferred to a district court of Bexar County, if said cause is remanded to this Court by the Federal Court;

"It is, therefore ordered, adjudged and decreed by the Court that the plea of privilege heretofore filed herein be, and the same is, in all things sustained; and that if and when said cause is remanded to this Court by the United States District Court for the Southern District of Texas, Corpus Christi Division, this cause shall be transferred to a District Court of Bexar County, Texas, as is in such cases provided by law, at the cost of the plaintiff."

On the same day the plea of privilege was filed, the defendant, Service Finance Corporation, on its petition and bond to remove to the Federal Court, obtained an order removing the cause to the Federal Court, Corpus Christi Division of the Southern District of Texas. The order recited the filing of the petition and bond, service of notice, and proceeded: "It is

therefore now ordered that said petition and bond be and they are hereby accepted and approved, and this court will proceed no further herein, and that this cause be and is hereby removed to the District Court of the United States for the Southern District of Texas sitting at Corpus Christi by virtue of said petition and bond."

To preserve the language of R. R. Smith, we quote: "The cause lingered there (in the Federal Court) for a regular bootlegger's sentence * * *, a year and a day." On May 29, 1940, the cause was remanded to the State Court on the grounds the Federal Court was without jurisdiction, because the suit was for tort and no diversity of citizenship existed, and the action not separable.

After the remand of the cause, on May 1, 1940, plaintiff filed a controverting affidavit. The order remanding the cause was filed in the State Court May 3, 1940. On May 6, 1940, plaintiff filed a motion to "countermand" and hold void the judgment of May 18, 1939, sustaining the plea of privilege and to grant him a hearing on his controverting affidavit. Minus answered this motion on May 8, 1940. On September 16, 1940, the court heard the motion, granted the same and heard the plea of privilege and controverting affidavit and entered its judgment setting aside the previous judgment entered May 18, 1939, and overruled the plea of privilege. This action of the court is attacked on this appeal.

There are six assignments of error and various counter propositions asserted by the plaintiff.

We regard the controlling question to be: Did the court have authority to enter the judgment entered on May 18, 1939, or, rather, did it have authority to enter any other judgment?

■ After the expiration of five days from appearance day, the court was powerless to make any order other than one changing the venue. Foster v. Kimbro, Tex.Civ.App., 115 S.W.2d 1164; Johnson v. Dallas Cooperage & Woodenware Co., 120 Tex. 27, 34 S.W.2d 845; Texas Life Ins. Co. v. Black, Tex.Civ.App., 237 S.W. 622. Many authorities could be cited on this proposition.

Plaintiff's petition alleged that Minus was a resident of Bexar County and plaintiff of Nueces County, and that Service Fi-

nance Corporation was a Delaware Corporation doing business in Texas, with its principal office and place of business in Bexar County.

Under the law (of which plaintiff must take notice) the cause here, to be removable, must be separable. To be separable as between two or more defendants "the whole subject matter of the suit must be capable of being finally determined as between them, and complete relief afforded as to the separate cause of action, without the presence of others originally made parties to the suit." Odward v. Foster, Tex.Civ.App., 5 S.W.2d 240, 241; Parlin & Orendorff Implement Co. v. Frey, Tex. Civ.App., 200 S.W. 1143; 36 Tex.Jur. p. 907, par. 24.

That this cause was not separable was made plain by the pleadings. Had it been separable and removable on the petition and bond of the defendant Service Finance Corporation, it would not and could not have been removable as against Minus. Little Six Oil Co. v. Noble, 5 Cir., 17 F.2d 728. All this plaintiff had to know. He was required, therefore, to take notice of the filing of the plea of privilege. That he did not do until the cause had been remanded a year and a day after the plea was filed. There being no controverting affidavit on file at the expiration of the five-day period, the court was without power to make any order other than one changing the venue. See authorities cited above.

We need not determine the validity or sufficiency of the order and judgment of May 18, 1939. It was the duty of the court to enter the proper and necessary order and judgment. If not done, the party interested in effecting the transfer of the cause to Bexar County might have taken the necessary action to have effected the transfer. The court did not have the power and authority to enter the judgment entered September 16, 1940, for the reasons already stated.

We deem it unnecessary to discuss the other questions raised other than the one of jurisdiction of the State Court after the removal order, and this merely because of the interest exhibited in it.

It is obvious from what has been said the jurisdiction remained 'for all purposes as between plaintiff and Minus in the State Court; the cause not being removable as to Service Finance Corporation, jurisdiction remained also as to it. The Federal Court was without jurisdiction to do anything other than remand the cause. Seeligson's Ex'r v. Texas Transportation Co., 70 Tex. 198, 7 S.W. 708.

A State Court is under no compulsion to make an order removing a cause and stay its action thereon. If a cause be removable and the State Court refuses to make the order to remove, then the court proceeds at its own peril and all its orders and judgments become void and subject to be set aside. Talbott & Sons v. Planters' Oil Co., 12 Tex.Civ.App. 49, 33 S.W. 745, writ refused. When a cause is clearly not removable, then a State Court may refuse to make the removal order and proceed in due course of things with the case. Madisonville Traction Co. v. St. Bernard Mining Co., 196 U.S. 239, 25 S.Ct. 251, 49 L.Ed. 462; United States F. & G. Co. v. Baker, Tex.Civ.App., 65 S.W.2d 344; Adams v. Carter, Tex.Civ.App., 204 S.W. 781, writ refused; Andrews v. Rice, Tex.Civ.App., 198 S.W. 666, writ refused. Any other course adds to and encourages unnecessary delays and dilatory tactics. If the order is made removing the cause, it then becomes a declension to take further action in the cause, Seeligson's Ex'r v. Texas Transportation Co., supra, and constitutes its further action of no force and effect pending the disposition of the cause in the Federal Court. Talbott & Sons v. Planters' Oil Co., supra.

From what has been said it follows, therefore, that the court was in error in entering the order and the judgment it did enter on September 16, 1940, and that that judgment should be and must be reversed and this cause remanded with instructions that the trial court transfer this cause to a District Court of Bexar County.